Opinion issued May 8, 2003. 

 




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00505-CR
NO. 01-02-00506-CR




TONY LEE MEADOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 889329 & 896471




 MEMORANDUM OPINION 
          Appellant, Tony Lee Meador, was charged in two indictments with felony
sexual assault of a child. The first indictment alleged that, on or about May 15, 1998,
appellant caused the penetration of the female sexual organ of a person younger than
14 years of age with his sexual organ, while the second indictment alleged that, on
or about January 1, 1991, appellant caused the sexual organ of a person younger than
14 years of age to contact his mouth. A jury found appellant guilty of both charges
and assessed punishment at 60 years’ and 30 years’ imprisonment. In seven points
of error, appellant challenges his convictions. 
          Appellant challenges his conviction by raising seven points of error. In his first
and second points of error, appellant alleges that the trial court committed reversible
error when it allowed both the trial and the punishment phase to proceed with only
11 jurors. Appellant’s third and fourth points of error allege that the trial court
committed reversible error when it entered verdicts at the guilt and punishment stages
that had not been signed by all 11 jurors. Appellant’s fifth point of error alleges that
the trial court erroneously instructed the jury that the State was not bound by the
specific dates of the offenses as they were alleged in the indictments. Appellant’s
sixth point of error contends that the trial court erred when it admitted the testimony
regarding appellant’s suitability for probation. Finally, appellant’s seventh point of
error alleges that the trial court erred when it failed to grant a mistrial after the State
improperly urged the jury during the punishment phase to assess 10 years’
imprisonment for “each time [appellant] raped his daughter.” We affirm. 
Background
          Appellant was charged in two indictments with sexual assault of his daughter.
On the Friday before appellant’s trial began on Monday, a jury of 12 jurors was
selected but not sworn. When the jurors reassembled on Monday morning, one of the
prospective jurors notified the trial judge that she had been sexually assaulted as a
child. The trial judge observed that, in light of the juror’s demeanor, it was unlikely
that she would be able to consider herself a fair juror. The judge accordingly
informed appellant that he had a right to proceed with a jury of 12 jurors if he chose
to. However, the trial judge also informed appellant that, because the pool of venire
members from which the current jurors had been drawn was already discharged, if
appellant elected to have a jury of 12, it would delay the start of the trial by several
days. The record contains the following exchange between the trial judge and
appellant:
[Trial Judge:] Mr. Meador, I think you’ve indicated—please, maybe you
should discuss this yourself—that you would desire or are willing to
proceed with the 11 people minus [the juror]; is that correct?
 
[Appellant:] Yes, yes.
 
[Trial Judge:] That’s what you would like?
 
[Appellant:] Yes, proceed.

          During the trial, T.M. testified that her father had repeatedly sexually assaulted
her. She stated that appellant began abusing her in 1987, when she was three years
old and that the sexual abuse continued, in various forms, until 1999, when she was
14 years old. Although she could not remember specific dates of the incidents, T.M.
stated that appellant had put his mouth on her vagina repeatedly when she was
between the ages of three and eight years old, and that he put his penis into her vagina
at least 25 times when she was between the ages of eight and 14 years old. In
addition, T.M. estimated that her father had fondled her vagina at least 30 times. 
          The State presented a videotaped recording of a non-custodial interview
appellant had with a Houston Police officer at the Children’s Assessment Center in
Houston. In the videotaped interview, appellant admitted that he had sexually
assaulted his daughter. Appellant specifically admitted that, in 1991, he had put his
penis into his daughter’s vagina for the first time and that he had put his mouth on his
daughter’s vagina during that year. Appellant contended that 1996 had been the last
he had “messed with” his daughter. 
          After the State published appellant’s videotaped statement, appellant requested
an instruction from the trial court regarding extraneous offenses outside the
indictment. The trial court accordingly gave the jury an instruction on extraneous
offenses.


 After the State presented all of its evidence, appellant requested an election
from the State of which of the numerous times appellant assaulted his daughter the
prosecution would choose to proceed. The State affirmed its intention to proceed on
the dates and incidents alleged in the indictments. At the close of evidence, the trial
court issued a charge to the jury notifying the jury that the State was not bound by the
specific dates alleged in the indictment. Instead, the trial court informed the jury that
“a conviction may be had upon proof beyond a reasonable doubt that the offense, if
any, was committed at any time within the period of limitations.” Appellant made no
objection to the charge. 
          The jury returned a verdict of guilty on both indictments. The court read both 
verdict forms aloud, noted that both the verdict forms were signed by the foreman of
the jury only, and proceeded to poll the jury. Appellant made no objection to the
verdict forms. 
          During the punishment phase, the State presented the testimony of Dr. Jennifer
Welch, as an expert on the treatment of sex offenders. Dr. Welch described the
options for treatment of sex offenders offered at the Children’s Assessment Center
in Houston and discussed the standard treatment approach for sex offenders. Dr.
Welch emphasized the importance of sex offenders admitting their past crimes, and
she stated that sex offenders who were in denial about their crimes were more
difficult to treat than those who were not. During cross-examination, appellant’s
counsel inquired whether the conditions imposed on sex offenders during probation,
specifically the sex offender treatment program mandated as a condition of probation,
might aid in an offender’s recovery. Dr. Welch was cross-examined at some length
about the specific conditions imposed upon sex offenders during probation and what
the overall effects of these conditions might be on a convicted sex offender’s
treatment. In addition, appellant’s counsel inquired about the incidence of initial
denial among convicted sex offenders. Dr. Welch testified that denial was very
common and that it was something she and other treatment providers were
accustomed to confronting. Dr. Welch testified that a sex offender still in denial
during probation would be less likely to be able to successfully follow the conditions
of probation.
          In its final argument, the State addressed the possible ranges of punishment for
the two guilty verdicts the jury had returned. The prosecutor, in discussing the
appropriate punishment for appellant’s crimes, stated, “Well, I say that you should
assess 10 years for each time that he raped his daughter.” Appellant’s counsel
objected to the statement. Appellant’s objection was sustained, and the trial court
instructed the jury to disregard the prosecutor’s statement and not to consider it for
any purpose. Appellant moved for a mistrial, and the trial court denied the motion. 
The jury assessed punishment at 60 years’ and 30 years’ imprisonment. When the
jury form was returned in the punishment phase, the court again noted that the form
was signed only by the foreman and accordingly polled the jury. Appellant made no
objection. After the jury was excused, the trial court asked appellant whether there
was any reason it should not pronounce sentence against him. Appellant answered
that there was not. 
Analysis
Eleven-Person Jury
          In his first and second points of error, appellant argues that the trial court
committed reversible error when it allowed the jury to proceed with only 11 jurors. 
Appellant contends that the trial court erred by dismissing the juror sua sponte, and
that appellant’s oral waiver of his right to a 12-member jury was invalid and
involuntary. 
          A defendant may waive the right to a jury composed of 12 persons in the same
way that a defendant may waive, in entirety, the right of trial by jury. Maten v. State,
962 S.W.2d 226, 228 (Tex. App.—Houston [1st Dist.] 1998). See also Tex. Code
Crim. Proc. Ann. art. 1.13 (Vernon Supp. 2003) (allowing waiver of a jury in a non-capital prosecution where waiver is made “in person by the defendant in writing in
open court with the consent and approval of the court, and the attorney representing
the State”). Appellant’s oral waiver of a 12-person jury occurred in open court and
is included in the record. Appellant argues that, because his waiver was not in
writing, it was invalid. The Court of Criminal Appeals recently held, in Johnson v.
State, 72 S.W.3d 346 (Tex. Crim. App. 2002) that, although the failure to obtain a
written waiver of the right to a jury trial violated art.1.13 of the Code of Criminal
Procedure, such an error was harmless where the record reflected that the defendant
knew of his right to a jury trial and voluntarily waived that right. Id. at 348-49. Here,
the record reflects that appellant was informed of his right to a 12-person jury.
          Appellant argues that his waiver of his right to a jury of 12 was involuntary. 
Appellant does not provide any evidence to support his contention that he did not
voluntarily waive his right to a trial by jury of 12 persons. All of appellant’s actions
reflect that he knowingly and voluntarily waived his right. The trial court informed
appellant of his right, and he was given the option of selecting a new panel of 12
jurors. Appellant was afforded an opportunity to consult with his attorney prior to his
waiver of his right to 12 jurors. Appellant clearly indicated his desire to proceed with
11 jurors. Appellant’s counsel did not object to the commencement of trial with only
11 jurors, and appellant’s motion for a new trial did not raise the absence of a juror
as a point of error. We find appellant’s waiver of his right to a jury composed of 12
jurors, contained in the record and made in open court after his rights were explained
to him by the trial court, was voluntary.
          Appellant further contends the trial court erred by dismissing the twelfth juror
sua sponte. Appellant did not object to the trial court’s dismissal of the juror. A
defendant’s failure to object to a trial court’s sua sponte exclusion of a prospective
juror waives the right to complain of the exclusion on appeal. Cooks v. State, 844
S.W.2d 697, 718 (Tex. Crim. App. 1992). We overrule appellant’s first and second
points of error.
Verdicts Signed by Foreperson Only
          In his third and fourth points of error, appellant argues that the trial court
committed reversible error when it allowed entry of verdicts of guilt and punishment
that had been signed by the jury foreman only. When both the verdict of guilt and the
verdict of punishment were returned, the trial judge read each form aloud. In both
cases, the trial judge noted that the verdict forms were signed by the foreman of the
jury. Appellant raised no objection, and the jury was polled each time. When the trial 
court inquired whether there was any reason not to pronounce sentence, appellant
answered that there was not.
          Article 36.29 of the Code of Criminal Procedure requires that, where less than
12 jurors render a verdict in a felony case, “the verdict shall be signed by every
member of the jury concurring in it.” Tex. Code Crim. Proc. art. 36.29(a) (Vernon
Supp. 2003). However, because appellant did not object to either verdict and thus did
not give the trial court an opportunity to cure the error, appellant has waived any error
in the form of either verdict. Shelton v. State, 441 S.W.2d 536, 538 (Tex. Crim. App.
1969).


 Appellant’s third and fourth points of error are overruled. 
Trial Court’s Instructions
          In his fifth point of error, appellant argues that the trial court erred when it
charged the jury that the State was not bound by the specific dates as alleged in the
indictment. The evidence at trial showed that appellant assaulted his daughter
repeatedly over a number of years. Appellant now contends on appeal that the jury
charge regarding “on or about” language contradicted the trial court’s jury instruction
on extraneous offenses. Appellant argues that this contradiction deprived him of his
right to an election by the State and of his right to a unanimous jury verdict because
the each of the jurors could have found appellant guilty of a different instance of
assault.
          It is not necessary for the State to allege a specific date in an indictment. 
Sledge v. State, 953 S.W.2d 253, 256-56 (Tex. Crim. App. 1997). Instead, the “on or
about” language used in indictments has repeatedly been held to allow the State to
prove a date other than the one alleged in the indictment “as long as the date is
anterior to the presentment of the indictment and with the statutory limitations
period.” Id. at 256. Accordingly, the charge was a correct statement of law. Further,
the charge did not nullify the court’s instruction regarding extraneous offenses
because the charge does not contradict the jury instruction. The “on or about” charge
given by the trial court correctly informed the jury that the State was not bound to a
specific date. Appellant attempts to read the charge as implying that the State was
not bound by a specific offense, an interpretation not supported by the record. The
court correctly charged the jury with the applicable law that notified the jury that to
find appellant guilty, it was required to find that appellant had sexually assaulted his
daughter in the two manners alleged in the indictment to have occurred on two
separated dates. We presume that the jury followed that instruction, absent a showing
to the contrary. See Luquis v. State, 72 S.W.3d 355, 366-67 (Tex. Crim. App. 2002). 
We overrule appellant’s fifth point of error.
Dr. Welch’s Testimony
          In his sixth point of error, appellant contends that the trial court erred when it 
admitted Dr. Jennifer Welch’s testimony regarding appellant’s suitability for
probation. We review the trial court’s decision to exclude or admit expert testimony
under an abuse of discretion standard. Sexton v. State, 93 S.W.3d 96, 99 (Tex. Crim.
App. 2002). A ruling within the bounds of reasonable disagreement will not be
disturbed on appeal. Id. 
          At trial, appellant objected to Dr. Welch’s testimony because it was unreliable,
irrelevant, and prejudicial.


 Appellant asserts that the trial court’s admission of Dr.
Welch’s testimony regarding the difficulties that arise in treating sex offenders who
are still in denial constituted harmful and reversible error. Specifically, appellant
contends this testimony amounted to testimony regarding his suitability for probation
and that such testimony is irrelevant and unduly prejudicial. 
          During the punishment phase of the trial, outside the presence of the jury, Dr.
Welch was examined by both sides. The trial court found, by clear and convincing
evidence, that Dr. Welch’s testimony regarding the problems during treatment
encountered by sex offenders who were still in denial would assist the jury and that
the evidence was reliable, relevant, and probative. Additionally, the trial court noted
that it had considered the probative value of the evidence in light of the
considerations of Rule 403.



          We first examine appellant’s contention that Dr. Welch’s testimony was
irrelevant. Relevant evidence is evidence “having any tendency to make the existence
of any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence.” Tex. R. Evid. 401. In Peters
v. State, 31 S.W.3d 704 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d), we held
that suitability for probation can be relevant to the jury’s recommendation, even if the
opposing party does not first open the door to it, provided it is also “helpful to the
jury in determining the appropriate sentence.” Id. at 719 (citing Mendiola v. State,
21 S.W.3d 282, 285 (Tex. Crim. App. 2000)). Dr. Welch’s testimony provided the
jury with information about the various types of treatment that would be available to
appellant during incarceration and probation, and informed the jury of the problems
that sex offenders who were still in denial were likely to have in rehabilitative
programs. Although Dr. Welch admitted that she had not personally met with
appellant, she discussed the general types of treatment available to a convicted sex
offender, and she testified that denial was a common initial problem among sex
offenders and was often overcome in treatment. The trial court did not abuse its
discretion when it held Dr. Welch’s testimony was relevant.
          Next, we turn to appellant’s contention that Dr. Welch’s testimony was
inadmissible because its probative value was outweighed by the danger of unfair
prejudice. Although relevant, evidence may be excluded “if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury. . . .” Tex. R. Evid. 403. Dr. Welch testified regarding the
problems encountered by sex offenders who were still in denial, but she also admitted
that she had not met with appellant and that, although it posed an initial hurdle, denial
was common among newly convicted sex offenders. Dr. Welch also testified about
the depth of treatment options available for sex offenders on probation, and she was
questioned by appellant’s counsel about the details of the strict supervision and
reporting requirements of the probation program. 
          The trial court did not abuse its discretion in finding that the probative value
of the testimony offered by Dr. Welch substantially outweighed the danger of unfair
prejudice contemplated by Rule 403. Accordingly, the admission of Dr. Welch’s
testimony was not an abuse of the trial court’s discretion. We overrule appellant’s
sixth point of error.
Improper Jury Argument
          In his seventh point of error, appellant contends that trial court erred when it
failed to grant a mistrial after the State invited the jury to punish appellant by
assessing 10 years’ imprisonment for “each time that he raped his daughter.” The
State made the statement during final argument in the punishment phase of
appellant’s trial. Appellant made a timely objection to the statement, and the trial
court instructed the jury to disregard the statement. Appellant then moved for a
mistrial, which the trial court denied. Appellant now contends the trial court’s failure
to grant a mistrial was reversible error because it affected his right to a fair trial. 
          A trial court’s denial of a motion for mistrial will not be disturbed on appeal
except on a showing of an abuse of discretion. Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999). The determination of whether a given error necessitates a
mistrial must be made by examining the particular facts of the case. Id. (citing 
Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990)). 
          Proper closing arguments consist of: (1) summations of the evidence, (2)
reasonable deductions from the evidence, (3) answers to argument of opposing
counsel, and (4) pleas for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000). To determine whether an argument which exceeds these
bounds actually constitutes reversible error, we examine whether, “in light of the
record as a whole, the argument is extreme or manifestly improper, violative of a
mandatory statute, or injects new facts harmful to the accused into the trial
proceeding.” Id. The argument in this case did not rise to this level—the jury had
already heard, and been properly instructed upon, appellant’s extraneous sexual
assaults of his daughter. Appellant’s immediate objection to the State’s argument was
granted, and the trial court instructed the jury to disregard the argument. 
          Generally, the appropriate remedy for improper argument is an instruction to
disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). “Only
offensive or flagrant error warrants reversal when there has been an instruction to
disregard,” and such error “must have been a willful and calculated effort on the part
of the State to deprive appellant of a fair and impartial trial.” Wesbrook, 29 S.W.3d
at 115-16. Even if the argument made by the State was indeed improper, we find that
any harm effected was cured by the trial court’s instruction to disregard. We presume
the jury followed the trial court’s instruction. See Gardner v. State, 730 S.W.2d 675,
696 (Tex. Crim. App. 1987). We overrule appellant’s seventh point of error.
Conclusion
          We affirm the judgment of the trial court. 
 






                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).