COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-360-CR
 
EX PARTE GARY MATTHEW TWINE
 
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
       
Appellant Gary Matthew Twine appeals the trial court's denial of his application
for habeas corpus relief based on the ground of double jeopardy. In two points,
Appellant alleges that: 1) the trial court erred in denying the application for
writ of habeas corpus because of the State's introduction of evidence of
Appellant's post-arrest silence; and 2) the trial court erred in excluding
evidence from a previous trial where the same prosecutor had previously provoked
a mistrial based on evidence of a defendant's post-arrest silence. We reverse
and remand.
FACTS
       
Appellant, a Fort Worth Police Officer, was indicted for the alleged sexual
assault of S.J. During the trial, Appellant chose to testify. On
cross-examination the prosecutor, Michael Meyer, asked, "Now, you and I,
besides maybe casual greetings in court, have never got to sit down and talk
about what you just told this jury have we?" Appellant objected and moved
for a mistrial, stating that the question concerned Appellant's post-arrest
silence. Meyer responded by saying that he had asked the question merely to
point out that, unlike with most defendants, he and Appellant had exchanged
greetings. The trial court stated that the question did not support Meyer's
stated reason, and granted the motion for mistrial.
       
When the State later sought to retry Appellant, he filed a pretrial application
for writ of habeas corpus, claiming that Meyer had intentionally, or at least
recklessly, provoked him into moving for a mistrial. To support his contention
that Meyer's conduct was intentional or reckless, Appellant attempted to
introduce the reporter's record from the case of Texas v.
Swanda Marie Lewis. Appellant asserted that, in Lewis,
Meyer had provoked a mistrial in nearly the same manner as in the present case.
The trial court granted the State's objections to this evidence and did not
consider it at the habeas hearing. The trial court then denied Appellant's
habeas corpus application.
DENIAL OF HABEAS CORPUS
        In
Appellant's first point, he claims that the trial court erred in denying his
application for habeas corpus relief because of the State's introduction of
evidence of his post-arrest silence. Appellant argues that the evidence shows
that Meyer intentionally, or in the alternative recklessly, caused the mistrial
in this case. Therefore, Appellant claims that the trial court should have held
that double jeopardy barred further prosecution in this case.
        In
reviewing a decision to grant or deny relief on a writ of habeas corpus, we
afford almost total deference to the trial judge's determination of historical
facts supported by the record, especially when the fact findings are based on an
evaluation of credibility and demeanor. See Ex parte Martin,
6 S.W.3d 524, 526 (Tex. Crim. App. 1999). We afford the same amount of deference
to the trial judge's rulings on applications of law to fact questions if the
resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. Id. If the resolution of those ultimate
questions turns on an application of legal standards, however, we review the
determination de novo. Id.
       
When a trial court grants a defendant's motion for mistrial, the double jeopardy
clause is not violated unless conduct giving rise to the motion was intended to
provoke the defendant into moving for a mistrial. Oregon v.
Kennedy, 456 U.S. 667, 673, 102 S. Ct. 2083, 2088 (1982); Bauder
v. State, 921 S.W.2d 696, 697 (Tex. Crim. App. 1996). Because the defendant
has the burden of proof at a habeas corpus hearing, he must prove that the
events requiring a mistrial were a product of the prosecutor's deliberate or
reckless conduct. Ex Parte Primrose, 950 S.W.2d 775,
777-78 (Tex. App.--Fort Worth 1997, pet. ref'd). The prosecutor's actions are
reckless if he was aware of but consciously disregarded the risk that an
objectionable event for which he was responsible would require a mistrial at the
defendant's request. Id. at 778.
        In
the present case, the State offered Meyer's testimony at the habeas corpus
hearing. Meyer testified that Appellant had left a false impression with the
jury. Meyer stated that he asked the question in order to show that Appellant
was not as forthcoming with the police as he had led the jury to believe.
       
Appellant introduced the trial record at the hearing as well. In the record,
Meyer stated that his reason for asking the allegedly improper question was to
explain to the jury that unlike with most defendants, Meyer and Appellant had
spoken to each other before. The trial court expressed doubt as to this
explanation and then granted the mistrial.
       
Appellant further attempted to introduce the record in the Lewis
case in order to show that Meyer was consciously aware of the danger of asking
the alleged improper question and either intentionally or recklessly asked the
question anyway. The trial court did not allow Appellant to introduce the record
and did not consider it when making its decision.
       
Appellant had the burden to show that Meyer acted intentionally or recklessly in
causing the mistrial. Id. at 777-78. The only evidence in
the record to show Meyer's intent to ask the question is Meyer's two
explanations, and neither of these explanations shows an intentional or reckless
state of mind. We, therefore, hold that Appellant has failed to come forward
with sufficient evidence to show that Meyer acted intentionally or recklessly in
causing the mistrial. The trial court did not abuse its discretion in denying
habeas corpus relief based on the record at the hearing. Ex
parte Martin, 6 S.W.3d at 526. We overrule Appellant's first point on
appeal.
EXCLUDED EVIDENCE
        In
Appellant's second point, he claims that the trial court abused its discretion
by excluding the record excerpt from the Lewis case. We
review a trial court's ruling on the admissibility of evidence under an abuse of
discretion standard. Angleton v. State, 971 S.W.2d 65, 67
(Tex. Crim. App. 1998). We will uphold the trial court's ruling as long as it is
within the "zone of reasonable disagreement." Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Before evidence is
admissible, it must be relevant as defined by rule 401 of the Texas Rules of
Evidence. TEX. R. EVID. 401,
402. Evidence is relevant if it has "any tendency to make the existence of
any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence." Tex. R. Evid. 401.
In determining whether evidence is relevant, courts look to the purpose for
offering the evidence and whether there is a direct or logical connection
between the offered evidence and the proposition sought to be proved. Reed
v. State, 59 S.W.3d 278, 281 (Tex. App.--Fort Worth 2001, pet. ref'd). So
long as there is any reasonable logical nexus, the evidence will pass the
relevancy test. Id.
       
The excluded evidence shows that the following exchange occurred during Meyer's
cross-examination of the defendant in the Lewis case:

         Q. After speaking with
 John McCaskill on August 10th of the year 2000, did you have occasion to learn
 the next day, on August 11th of the year 2000, John McCaskill wanted to speak
 with you again?
         A. Yes
         Q. And you denied him the
 opportunity to speak . . . .

 
        John
McCaskill was an investigating police officer. He had spoken with the defendant
in the Lewis case after the defendant had been placed
under arrest. The second time McCaskill attempted to speak with the defendant,
she refused to talk to the police. Meyer's questions were highly improper
because they showed that the defendant had refused to speak with McCaskill after
her arrest.  At this point, the defendant objected on numerous grounds,
including Meyer's attempt to comment on the defendant's post-arrest silence. The
trial court sustained the objections, gave an instruction to disregard, and then
granted the defendant's motion for mistrial.
       
Appellant argues that the record excerpt from Lewis shows
that Meyer was aware of the danger of commenting on Appellant's post-arrest
silence in this case and was still willing to risk a mistrial by making such a
comment.  The State argues that, because Appellant had the opportunity to
cross-examine Meyer on his state of mind and knowledge about the effect of
commenting on Appellant's post-arrest silence, the record excerpt from Lewis
was cumulative and unnecessary. The State further argues that because the same
trial court presided over both cases, the judge acting as the trier of fact at
the habeas hearing was already aware of Meyer's conduct in the Lewis
case. The State asserts that the Lewis record is not
relevant based on these facts.  We disagree.
       
Evidence of a past trial in which the trial court granted a mistrial based on
similar comments from the same prosecutor about the defendant's post-arrest
silence would tend to prove that the prosecutor was conscious of the risk that
such comments would cause a mistrial.  Appellant had the burden of proving
that Meyer was conscious of the risk of asking the question.  Ex
Parte Primrose, 950 S.W.2d at 777-78.  Thus, the excluded evidence was
highly relevant to the resolution of Appellant's habeas corpus hearing.
       
The State argues that, even if the excluded evidence was relevant, the probative
value of the evidence is substantially outweighed by its prejudicial effect
under rule 403.  See Tex. R. Evid. 403 (providing
that relevant evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice).  Since almost any relevant
evidence offered by one side is prejudicial to the opposing party, only unfair
prejudice provides a basis for excluding relevant evidence under rule 403. 
Fletcher v. State, 852 S.W.2d 271, 277 (Tex. App.--Dallas 1993, pet
ref'd).  Unfair prejudice means an undue tendency to suggest decision on an
improper basis, commonly an emotional one. Montgomery v. State,
810 S.W.2d 372, 378 (Tex. Crim. App. 1991) (op. on reh'g).  Because rule
403 favors the admission of relevant evidence, the presumption is that relevant
evidence will be more probative than prejudicial. Long v. State,
823 S.W.2d 259, 271 (Tex. Crim. App. 1991).
       
The State contends that the trial court did not err in ruling that rule 403
required the exclusion of the Lewis record excerpt because
the facts in Lewis were significantly different from those
in the present case; Appellant only attempted to offer a small portion of the
reporter's record from Lewis; and the facts and ruling in Lewis
were of dubious probative value because the Lewis case was
on appeal at the time the record excerpt was offered at Appellant's habeas
hearing. The State asserts that these factors make the Lewis
record excerpt unreliable. The State also asserts that the trial court's
admission of the record excerpt would have created a danger of confusion. We
disagree.
        We
have already determined that the Lewis record excerpt was highly relevant to
Appellant's habeas application. On the other side of the balance, the excerpt
was not unfairly prejudicial. The State concedes in its brief that the trial
court already knew the details of the Lewis trial, so the
admittance of the evidence in this case would have had little prejudicial
impact.  Further, we note that this hearing was not in front of a jury, and
the danger of unfair prejudice under rule 403 is greatly reduced when a judge is
sitting as the trier of fact.  See Corely v. State,
987 S.W.2d 615, 621 (Tex. App.--Austin 1999, no pet.) (holding that when a case
is tried to a court rather than to a jury, the likelihood that extraneous
evidence will unfairly prejudice the defendant is diminished).  The danger
of confusion was also minimal because there is no indication that the trial
court would have had difficulty distinguishing between Lewis
and this case.  Finally, we note that the presumption under rule 403 is for
the admittance of relevant evidence.  For all of these reasons, we hold
that the trial court's ruling excluding the Lewis record
excerpt was outside the zone of disagreement and, therefore, an abuse of
discretion.  Weatherred, 15 S.W.3d at 542.
       
Having held that error occurred in this case, we must conduct a harm analysis to
determine whether the error calls for reversal of the judgment.  Tex. R.
App. P. 44.2. If the error is constitutional, we apply rule 44.2(a) and reverse
unless we determine beyond a reasonable doubt that the error did not contribute
to appellant's conviction or punishment. Tex. R. App. P. 44.2(a). 
Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect
Appellant's substantial rights. Tex. R. App. P. 44.2(b); see
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g),
cert. denied, 526 U.S. 1070 (1999); Coggeshall
v. State, 961 S.W.2d 639, 642-43 (Tex. App.--Fort Worth 1998, pet. ref'd)
(en banc).  In this case, the harm is not constitutional. See
Tate v. State, 988 S.W.2d 887, 890 (Tex. App.--Austin 1999, pet. ref'd)
(holding that the erroneous exclusion of defensive evidence is not
constitutional error if the trial court's ruling merely offends the rules of
evidence).
       
Because we determined that the error is not constitutional, rule 44.2(b) is
applicable. Therefore, we are to disregard the error unless it affected
appellant's substantial rights.  Tex. R. App. P. 44.2(b).  To
determine whether an error "affect[ed] substantial rights," we
consider whether a party had a right to that which the error denied. Johnson
v. State, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).
        In
the present case, no contrary direct evidence was admitted concerning Meyer's
state of mind when he made the alleged improper comment.  During trial,
Meyer attempted to explain the comment by stating that he was merely attempting
to show the jury that, other than casual greetings, he had never talked to
Appellant before.  The trial court found this explanation unsatisfactory
and granted the mistrial.
       
During the hearing on Appellant's habeas corpus application, Meyer changed his
alleged reason for the question.  Meyer claimed that he asked the question
because Appellant had opened the door to his post-arrest silence.  The
State argues that both explanations show there was never any evidence of a
reckless or intentional state of mind to cause a mistrial. As we held in
Appellant's first point, the State is correct that there was little direct
evidence to show that Meyer caused the mistrial through his reckless or
intentional conduct.
       
The excluded evidence was, however, circumstantial evidence of Meyer's reckless
state of mind because it showed that Meyer was aware of the danger of a mistrial
based on the question he asked.  The trial court never considered this
evidence when it denied Appellant's application for habeas corpus relief, and
Appellant had a right to have the evidence heard and considered by the court . See
Johnson, 72 S.W.3d at 348. We hold that the wrongful exclusion of the Lewis
record excerpt affected Appellant's substantial rights. Tex. R. App. P. 42.2(b).
We, therefore, sustain Appellant's second point on appeal.
CONCLUSION
       
Having sustained Appellant's second point on appeal, we reverse the trial
court's judgment and remand the case to the trial court for further proceedings
consistent with this opinion.
 
                                                           SAM
J. DAY
                                                           JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
PUBLISH
DELIVERED: June 12, 2003