NO. 07-03-0193-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 16, 2004



______________________________




DARRELL LEON LAWLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 13,604-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On April 7, 2003, appellant Darrell Leon Lawler, having waived his right to a trial by
jury, pleaded guilty to the court without the benefit of a plea bargain to the first degree
felony offense of aggravated robbery. The trial court then assessed a sentence of twenty-five years confinement and entered an affirmative deadly weapon finding. With two points
of error, appellant claims: (1) his trial counsel was ineffective; and (2) the trial court erred
in failing to secure a written jury trial waiver before he entered his guilty plea. We affirm.

 On the afternoon of November 29, 1999, appellant and a co-defendant shoplifted
some merchandise from Hobby Lobby and left the store. As they drove out of the parking
lot, their car, which was driven by the co-defendant, hit two store employees who were
attempting to detain them. Appellant and his co-defendant were arrested a short time later
and charged with aggravated robbery. 

 Before the commencement of testimony at trial, the court engaged in the following
discussion with appellant:

 Court: And, Mr. Lawler, something that's come up this morning
that I just need to discuss with you is the fact that we
have determined that Ms. Lopez [appellant's trial
counsel] was actually on the grand jury that indicted you
in this case. That could be something that you could
complain about later and certainly would want - we
would want to take care of that now. You can waive any
conflict that there would be with regard to that, or - but
you don't have to waive that. And I just need to
understand if you are willing to waive that and we can
proceed today. 

 Defendant: Yeah, I'll waive it. 

 Court: We'll go ahead and waive it. And you've had the
opportunity to visit with Maria [Lopez] and your family
about that, and --

 Defendant: Yes.

 Court: You feel like you are making that determination
knowingly and of your own free will?

 Defendant: Yes, sir.

 Court: Is anyone forcing you to waive that?

 Defendant: No, sir.

 Court: And you just want to go ahead and get this on the road
and have your trial today then?

 Defendant: Yes. It's been a long time.


The court then accepted appellant's waiver and proceeded to trial.

 During appellant's case in chief, Lopez further questioned appellant about the
potential conflict between her representation of him and her status as one of the grand
jurors who returned a true bill of indictment against him. Lopez confirmed that she and
appellant had spoken about "the fact that [she] was on the grand jury that indicted [him]." 
And, in response to her query whether he was "still comfortable with [her] representing
[him]," appellant said "Yes, ma'am." 

 By his first point of error, appellant maintains "[t]he trial court committed reversible
error in that appellant was denied the effective assistance of counsel since he was
represented by a court-appointed attorney who had been a member of the grand jury which
indicted him." We disagree. Initially, we note that ineffective assistance claims that are
premised on a conflict of interest are subject to two different standards. Most claims
alleging ineffective assistance fall within the well-known Strickland standard. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Cr.App. 1986). To prove ineffective
assistance of counsel under this standard, the defendant must demonstrate: (1) counsel's
representation fell below objective standards of reasonableness; and (2) the result of the
proceeding would have been different but for trial counsel's deficient performance. 
Strickland, 466 U.S. at 688-92. The defendant bears the burden of proving his claims by
a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex.Cr.App.
1998). Under the standard of review announced in Cuyler v. Sullivan, a defendant
demonstrates a violation of his rights to reasonably effective assistance based upon a
conflict of interest when: (1) counsel was burdened by an actual conflict of interest; and (2)
the conflict had an adverse effect on specific instances of counsel's performance. 
Thompson v. State, 94 S.W.3d 11, 15-6 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd)
(citing Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The main
difference between the Strickland and Cuyler tests is that there is a lesser burden of proof
when the claim of ineffective assistance of counsel involves a conflict of interest than when
a claim is based on attorney error. Monreal v. State, 923 S.W.2d 61, 64 (Tex.App.-San
Antonio 1996), aff'd, 947 S.W.2d 559 (Tex.Cr.App. 1997). 

 Appellant has not favored us with the benefit of his position regarding which
standard applies in this case. We conclude, however, that because appellant has not
shown that his counsel actively represented conflicting interests, he has not established the
constitutional predicate for his claim of ineffective assistance under Cuyler. Thompson, 94
S.W.3d at 16. Thus, we will utilize the Strickland standard. (1) In applying that standard we
are mindful that failure to make the required showing of either deficient performance or
sufficient prejudice defeats the ineffectiveness claim. Rylander v. State, 101 S.W.3d 107,
110 (Tex.Cr.App. 2003). Moreover, an allegation of ineffective assistance of counsel must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App. 1996). 
Furthermore, defense counsel should ordinarily be accorded an opportunity to explain his
or her actions before being labeled as unprofessional, incompetent, or ineffective. See
Bone v. State, 77 S.W.3d 828, 836 (Tex.Cr.App. 2002). Indeed, there is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Strickland, 466 U.S. at 690.

 Appellant suggests his trial counsel's representation was deficient because of the 
"inherent conflict of interest" that arose by virtue of her participation on the grand jury that
indicted him. Apart from that bald assertion, however, appellant has failed to demonstrate
how his attorney could have represented him more effectively had she not been impaired
by the alleged conflict. Thompson, 94 S.W.3d at 19. Appellant's contention that "such an
inherent conflict of interest existed here that [his] trial counsel could not properly advise him
concerning how to proceed," absent any support in the record, does nothing to advance the
argument that his attorney's performance was deficient. Thus, appellant has failed to
overcome the strong presumption that trial counsel's conduct falls within a wide range of
reasonable representation. (2) Strickland, 466 U.S. at 690; Dewberry v. State, 4 S.W.3d 735,
757 (Tex.Cr.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958
(2000). What is more, appellant has presented no evidence to establish that counsel's
alleged deficient performance actually prejudiced him. That is to say, he has failed to
demonstrate how his attorney's service on the grand jury harmed him in any way. The
record on direct appeal is simply devoid of any evidence affirmatively proving either prong
of the Strickland test. Thus, appellant's ineffectiveness claim is, of necessity, defeated. 
See Rylander, 101 S.W.3d at 110. His first point of error is overruled.

 By his second point of error, appellant claims "the trial court committed reversible
error in that there was no written waiver of jury trial prior to [his] plea of guilty." We
disagree. The first time that the court addressed appellant's right to a trial by jury was
during the direct examination of appellant by Lopez during his case in chief. At that time,
the trial court interrupted Lopez and queried:

 Mr. Lawler, you do understand and I think you've probably
discussed it with counsel, probably both counsels, (3) that you
could have proceeded with a jury today, and by pleading guilty
you are waiving your right to a jury on that - on that issue, but
also by coming to me for punishment you were waiving a jury
with regard to punishment. And you understand that, don't
you?


Appellant responded affirmatively. His attorney then asked him whether she had discussed
with him his option "to go in front of a jury," and, again, appellant responded in the
affirmative. During cross-examination, the prosecutor asked whether appellant was willing
to sign a written jury waiver, and he said that he would. The record, in fact, contains a
document entitled "Waiver of Jury," purportedly signed by appellant, his attorney, the
prosecutor, and the judge.

 Article 1.13(a) of the Texas Code of Criminal Procedure provides that a criminal
defendant may waive the right to a trial by jury upon entering a plea, but requires that the
waiver be made in person by the defendant in writing in open court with the consent and
approval of the court and the approval of the attorney representing the State. (Vernon
Supp. 2004). The article further provides that the trial court's consent and approval of the
waiver must be entered of record on the minutes of the court, and that the approval of the
State's attorney must be in writing, signed by him, and filed in the papers of the cause
before the defendant enters his plea. Id. (Emphasis added). 

 Here, the record reflects that it was only after appellant entered his plea, the State
put on its case in chief, and appellant began presenting his own punishment evidence that
the trial court inquired of appellant's desire to waive a jury trial. In failing to obtain the
waiver before appellant entered his plea, the trial court did not observe the mandatory
requirements of article 1.13, and, thus, erred. A violation of the mandatory terms of article
1.13(a) is not jurisdictional, constitutional, or fundamental error, however. Ex parte McCain,
67 S.W.3d 204, 209-10 (Tex.Cr.App. 2002). Rather, such error is nonconstitutional, or
statutory, error subject to a rule 44.2(b) harm analysis. See Johnson v. State, 72 S.W.3d
346, 348 (Tex.Cr.App. 2002). Therefore, we must disregard the error if it did not affect
appellant's substantial rights. Tex. R. App. P. 44.2(b). To determine whether an error
affected substantial rights in the context of the violation of one of the mandatory
requirements of article 1.13, we must ascertain whether appellant understood his right to
trial by jury before his bench trial began. Cf. Johnson, 72 S.W.3d at 348 (considering
whether appellant was harmed by the failure to execute a written jury trial waiver). 

 Here, when the trial court suggested to appellant that he had "probably discussed
it with counsel, probably both counsels, that you could have proceeded with a jury today,"
appellant responded, "Yes, sir." Furthermore, Lopez confirmed that she and appellant "did
discuss that, [his] option to go in front of the jury." We conclude appellant knew he had the
right to a jury trial and expressly, knowingly, and voluntarily relinquished that right in open
court on the record. (4) In short, appellant was not harmed by the violation of article 1.13(a)
because the record reflects that he was aware of his right to a jury trial and opted for a
bench trial. Id. 

 Furthermore, to preserve a complaint for appellate review, a defendant must object
timely to the trial court. Tex. R. App. P. 33.1. The record shows that appellant never asked
to withdraw his plea of guilty to the aggravated robbery charge. Keller v. State, 125 S.W.3d
600, 603 (Tex.App.-Houston [14th Dist.] 2003, pet. granted). Likewise, he did not file a
motion for new trial complaining of the trial court's untimely admonitions. Therefore, no
error was preserved for review. Appellant's second point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. We concur with the decision of the 14th Court of Appeals that the Strickland test
adequately protects a criminal defendant's Sixth Amendment right to conflict-free counsel
under these circumstances, and that the Cuyler standard is best reserved for those
situations involving a defense attorney's multiple or joint representation. See Thompson
v. State, 94 S.W.3d 11, 19 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). 
2. While Lopez's actions may fall within the "wide range of reasonable representation,"
the better practice would have been to avoid the appearance of such impropriety altogether
by withdrawing from the representation of a criminal defendant against whom she
participated in returning an indictment.
3. The record reveals Kent Birdsong represented appellant until he filed a motion to
withdraw based upon his wife's "serious health problems" in February of 2003. At the time
Birdsong was allowed to withdraw, Maria Lopez had already agreed to take over appellant's
representation.
4. By this decision, we do not suggest that the trial court make a practice of delaying
its inquiry into a criminal defendant's waiver of his right to a trial by jury until after it has
accepted the defendant's guilty plea and proceeded to the punishment phase of the trial. 
We simply conclude that on this record, appellant was aware of that right and intelligently
waived it.