# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00293-CR

**Christopher Holquin a/k/a Christopher Holguin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
## NO. B-03-0812-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Holquin pleaded guilty to sexually assaulting a child. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2004-05). The district court adjudged him guilty and sentenced him to sixteen years in prison. By two points of error, Holquin complains that his jury waiver was defective and that his trial attorney rendered ineffective assistance. We will overrule these contentions and affirm the conviction.

In a prosecution for any offense other than a capital felony, the defendant may waive the right of trial by jury

> conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005). In this cause, the clerk's record contains a written waiver of jury trial signed by Holquin and his attorney, but the waiver is not signed by the prosecutor or the trial court. Holquin contends that the failure to comply with article 1.13(a) rendered his jury waiver ineffective.

In *Johnson v. State*, 72 S.W.3d 346, 347 (Tex. Crim. App. 2002), the record did not contain a written jury waiver. The judgment recited, however, that the defendant waived trial by jury. *Id*. at 349. The court of criminal appeals held that the violation of article 1.13 did not affect the defendant's substantial rights because the recital in the judgment "reflects that he was aware of his right to a jury trial and opted for a bench trial." *Id*.; *see* Tex. R. App. P. 44.2(b) (harmless error rule).

Here, the record does contain a written jury waiver signed by Holquin and his attorney. The waiver states that it was made on January 29, 2004, and recites that Holquin had been advised of his right to a jury and was voluntarily waiving it. When he appeared in court with counsel to enter his plea on April 8, 2004, he acknowledged the court's admonishment that he had "an absolute right to have a jury trial on this matter." The court then said, "I see that there's a waiver of a jury signed by you and your attorney. The attorney for the State has not signed it, but obviously she consents to that by us being here." Neither Holquin nor the State objected to going forward without a jury. The trial court's judgment recites that the jury waiver was made with the district attorney's consent and the court's approval.

Clearly, Holquin was aware of his right to a jury trial and waived it in writing. The reporter's record confirms the judgment's recital that counsel for the State agreed to the waiver and

the trial court approved it, although neither did so in writing. Under the circumstances, the failure to fully comply with article 1.13(a) did not affect Holquin's substantial rights. Point of error one is overruled.

In point of error two, Holquin contends his trial counsel was ineffective because he adduced testimony regarding other acts of sexual misconduct. Holquin judicially confessed to the single sexual assault alleged in the indictment. At trial, however, he was questioned by his attorney and admitted that he repeatedly engaged in unlawful sexual conduct with the complainant over a period of years. Holquin also complains that his attorney suggested to the court that it assess the maximum penalty of twenty years' imprisonment.

We can quickly dispose of the latter contention. Contrary to Holquin's assertion, the reporter's record reflects that counsel asked the court to consider deferred adjudication with incarceration in the county jail for a short time, followed by therapy. Counsel did state to the court that Holquin had "hurt enough people," but he did not recommend the maximum punishment.

Holquin must show that his counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must

3

affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

We have no record from which we may discern counsel's trial strategy. Holquin did not raise ineffectiveness of counsel in his motion for new trial. Nothing in the trial record reveals counsel's reason for questioning Holquin about the other acts of sexual misconduct, although counsel's reference to statements made by Holquin to the police and child protective service workers suggests that the full extent of Holquin's sexual misconduct was already known. On this record, Holquin does not overcome the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective at trial. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 14, 2005

Do Not Publish