Toby Wayne JOHNSON, Appellant,

v.

The STATE of Texas.

No. 389–99.

Court of Criminal Appeals of Texas.

April 10, 2002.

Brantley Pringle, Fort Worth, for appellant.

Betty Marshall, Assist. St. Att., Matthew Paul, State's Attorney, Austin, David M. Curl, Assist. DA, Anne E. Swenson, Assist. DA, Fort Worth, for state.

## OPINION

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., and WOMACK, HERVEY, and COCHRAN, J.J., joined.

This issue in this case is whether the failure to obtain a written jury waiver is

harmful. We conclude that the lack of a written jury waiver is not harmful when the record reflects that the defendant waived his right to a jury trial.

Toby Wayne Johnson kicked his neighbor's kitten to death, apparently because "the cat shouldn't have been on his patio." He was charged with cruelty to an animal, pleaded not guilty, and was tried before the court. At the conclusion of the trial, the judge found Johnson guilty and sentenced him to six months in jail and a $500 fine. The judgment states that Johnson "waived trial by jury."

Johnson appealed, arguing that he "never waived a jury in person in open court in writing and with consent of the prosecutors." He complained that the "required formalities" of Art. 1.13 of the Code of Criminal Procedure were not observed. The Court of Appeals concluded that Art. 1.13 was violated and found it to be statutory error.[1]

In determining whether Johnson was harmed, the Court referenced Appellate Rule 44.2(b) and concluded that, anytime an appellate record does not include a written jury waiver, "we will find that the defendant's substantial rights have been affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly."[2] We granted the State's petition for discretionary review to review the appellate court's harm analysis.

Article 1.13(a) provides, in relevant part, that the defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State."

---

1. *Johnson v. State,* 984 S.W.2d 736, 737–38 (Tex.App.-Waco 1998).

2. *Id.* at 738 (*quoting United States v. Saadya,* 750 F.2d 1419, 1420 (9th Cir.1985)).

The parties have assumed that Art. 1.13(a) was violated, and the issue before us is whether Johnson was harmed. We have recognized that "[n]either the federal nor the state constitution require that a trial by jury be waived in writing." [3] Rather, the legislature has chosen to specify the manner in which a jury may be waived.[4] Since Johnson alleges merely that there was no written jury waiver, and does not allege that there was no jury waiver at all, he alleges statutory error, not constitutional error. We therefore analyze harm under Appellate Rule 44.2(b). If the error "does not affect substantial rights" then it "must be disregarded." [5]

The Court of Appeals relied on *United States v. Saadya* in concluding that, when an appellate record does not include a written jury waiver, "the defendant's substantial rights have been affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly." [6] But as the State points out, *Saadya* involved the question of error, not harm. In addition, in *Saadya*, there was nothing in the record indicating a waiver of jury trial, whereas in this case, the judgment states that Johnson "waived trial by jury." Finally, using the *Saadya* test would rewrite Rule 44.2(b), creating a presumption of harmfulness. The Court of Appeals erred in relying on *Saadya*.

Under Rule 44.2(b), we must determine whether the violation of Art. 1.13(a) "affected a substantial right." In *King v. State*, we held that a substantial right is affected "when the error ha[s] a substantial and injurious effect or influence in determining the jury's verdict." [7] But that case involved improperly admitted evidence. The *King* test is not helpful in evaluating error in non-jury proceedings, like the violation of Art. 1.13(a).

■ To determine whether an error "affect[ed] substantial rights," we consider whether a party had a right to that which the error denied.[8] We have never determined whether the requirement that the waiver of trial by jury be written implicates a right of the defendant as Johnson asserts. His view is that the requirement is to ensure that a defendant understands his right to a trial by jury.[9] It is unnecessary to decide the question today because the error was harmless even if Johnson's view were correct. To decide under such a view whether Johnson was harmed by the failure to execute a written waiver, we

3. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993).

4. *Id.*

5. Tex.R.App. P. 44.2(b).

6. *Johnson*, 984 S.W.2d at 738 (*quoting United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985)).

7. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997).

8. *See, e.g., Jones v. State*, 982 S.W.2d 386 (Tex.Crim.App.1998) (The "ability [of the State to exclude a juror by peremptory challenge] would not have affected any substantial right of the defendant, because a defendant has no right that any particular individual serve on the jury. The defendant's only substantial right is that the jurors who do serve be qualified."), *cert. denied*, 528 U.S. 985, 120 S.Ct. 444, 145 L.Ed.2d 362 (1999).

9. *Accord, Salinas v. State*, 963 S.W.2d 889, 891 (Tex.App.-Corpus Christi), *vacated*, 980 S.W.2d 219 (Tex.Crim.App.1998), *reaffirmed*, 987 S.W.2d 922 (Tex.App.-Corpus Christi 1999, no pet.). *But see* W.A. Morrison, Interpretive Commentary, 1 Vernon's Annotated Code of Criminal Procedure 290 (1977) (the reason for requiring that things be put in writing was "because of the recent tendency of the Federal Courts to inquire into the correctness of the State Court's proceeding in later Federal Habeas Corpus actions").

would ascertain whether he understood his right to trial by jury before his bench trial began.

■ The judgment recites that Johnson "waived trial by jury." That recitation is "binding in the absence of direct proof of [its] falsity." [10] If Johnson "waived" a jury trial, then he must have known about his right to a jury trial, otherwise he could not have waived it. The very use of the term "waive" presumes knowledge, because "to waive a right one must do it knowingly-with knowledge of the relevant facts." [11] In addition, "waiver" is defined as "the act of waiving or intentionally relinquishing or abandoning a known right, claim, or privilege." [12] Johnson has never alleged that he did not know about his right to a jury trial, nor does the record indicate that he did not. Having no evidence that the judgment's recitation that Johnson "waived trial by jury" is false, we are bound by that statement.

Johnson argues that the judgment's recitation is refuted by the clerk's certification that all of the proceedings relating the case were included in the transcript. But all that means is that there was no written jury waiver, which we have already presumed in finding error. That does not address the question of harm.

The judgment states that Johnson waived a jury trial, and that statement indicates that Johnson knew about his right to a jury trial. We must presume that statement correct in the absence of direct proof of its falsity, and there is no such proof in the record. So although Art. 1.13 was violated, Johnson was not harmed by the violation because the record reflects

that he was aware of his right to a jury trial and opted for a bench trial.

We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

MEYERS, J., filed a dissenting opinion joined by PRICE and HOLCOMB, J.J.

JOHNSON, J., filed a dissenting opinion joined by PRICE and HOLCOMB, J.J.

MEYERS, J., filed a dissenting opinion, in which PRICE and HOLCOMB, J.J. joined.

Article 1.13 of the Code of Criminal Procedure is more than just a good idea; it is *the* legislatively mandated procedure for waiving the right to a trial by jury. Such a carefully delineated procedure for relinquishing a fundamental right requires, at a minimum, substantial compliance. Instead of requiring even a colorable attempt to comply with Article 1.13, the majority relies on what it describes as a harmless error analysis to hold that what *actually* took place at trial was close enough to what the Code prescribes *should* have happened and therefore appellant was not harmed. This conclusion is untenable on its own and it is a misapplication of our rules for evaluating harmless error. Therefore, I dissent.

Lest the majority opinion create the mistaken impression that a four-word recitation on a preprinted judgment form sufficiently approximates the procedures set forth in Article 1.13, I review here Article 1.13(a)'s very specific demands. To be valid, a waiver must be:

1. Made in a criminal prosecution

---

**10.** *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g).

**11.** BLACK'S LAW DICTIONARY 1276 (7th ed. abridged 2000).

**12.** WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2570 (1966).

2. Other than one for which the State seeks the death penalty
3. By the defendant
4. In person
5. In writing
6. In open court
7. With the consent and approval of the Court
8. In writing
9. With the consent and approval of the State
10. In writing
11. Filed in the papers of the cause
12. Before the defendant enters his plea

Tex.Code Crim. Proc. art 1.13 (Vernon Supp.2001). These requirements are mandatory and relate directly to a trial judge's authority to conduct a bench trial. So necessary are these prerequisites that in the absence of prosecutorial consent to a waiver, a trial judge has a *ministerial duty* to conduct a jury trial. *State ex rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex. Crim.App.1992).

When the Legislature carefully and in great detail specifies the procedure for relinquishing a basic right, we have in the past required at least substantial compliance with that procedure. *See Nonn v. State,* 41 S.W.3d 677, 679 (Tex.Crim.App. 2001) *and Cockrell v. State,* 933 S.W.2d 73, 90–1 (Tex.Crim.App.1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (requiring substantial compliance with Article 38.22 of the Code of Criminal Procedure). Article 1.13, which dictates how a criminal accused may assert his right to waive trial by jury, should require no less. Yet the majority does not require substantial compliance; rather, the majority states, "[t]he parties have assumed that [Article] 1.13(a) was violated, and the issue before us is whether Johnson was harmed." *Johnson v. State,* 72 S.W.2d 346, 347 (Tex.Crim.App. 2002) (hereinafter referred to as "Majority Op."). The majority then proceeds to rely on the presumption of regularity of judgments to conclude that Johnson waived his right to a jury trial. *Id.* at 348–49. The majority's reasoning, however, goes beyond mere reliance on the presumption of regularity of judgments; it effectively exalts the presumption into an irrefutable truth that eclipses the statute itself, writing:

> The judgment recites that Johnson "waived trial by jury." That recitation is "binding in the absence of direct proof of its falsity." If Johnson "waived" a jury trial, then he must have known about his right to a jury trial, otherwise he could not have waived it. The very use of the term "waive" presumes knowledge, because "to waive a right one must do it knowingly."

Majority Op. at 349 (citations and footnotes omitted). I do not think the presumption should be so broadly construed. The presumption of regularity of judgments may be applied to presume that the requirements of Article 1.13 were complied with if the judgment makes such a recitation, but it should not be applied to hold that a recitation in a judgment that makes no mention of statutory compliance should be read to mean a statute was complied with.[1]

The problems with such an expansive use of the presumption of regularity of

---

1. It is on this basis that *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g) may be distinguished from the instant appeal. The recitation in the judgment in *Breazeale* was that the defendants were tried to the court, "in person and in writing, in open court having waived [their] right of trial by jury." *Breazeale,* 683 S.W.2d at 449. The presumption of regularity operated to make binding the recitation that the waiver was in person, in writing and in open court. The *only* recitation in the judgment in the instant

judgments notwithstanding, it is clear that determining whether appellant waived his right to a trial by jury has little do with determining whether appellant was harmed by the uncontroverted failure of the parties to follow Article 1.13. Ultimately, the majority's reasoning can be reduced to the following circular proposition: Article 1.13 was violated, but appellant was not harmed because an actual waiver took place and Article 1.13 was therefore not really violated. *Harm* in this instance should not be gauged by looking to whether a waiver took place, i.e. whether there was error; it should be gauged by looking to the deleterious effects of the parties' failure to follow the procedure in Article 1.13.

Here, there is no indication of compliance with Article 1.13. The recitation in

appeal is that appellant "waived trial by jury." The presumption of regularity does not operate to expand this recitation to mean "appellant waived trial by jury in accordance with the requirements of Article 1.13 of the Code of Criminal Procedure." The *only* conclusion that the recitation in this judgment supports is that appellant waived trial by jury by some manner other than Article 1.13, if he waived it at all. We should not use the presumption of regularity to read out statutory requirements or override the presumption that criminal defendants do not waive constitutional rights. *See Robles v. State,* 577 S.W.2d 699, 703 (Tex.Crim.App.1979) ("[a] waiver will not be 'lightly inferred' and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights").

**2.** Both the State Prosecuting Attorney ("S.P.A.")and the Tarrant County District Attorney ("D.A.") filed petitions for discretionary review in this appeal. Both urge that the error was harmless. The S.P.A. argues that harm in this instance cannot be analyzed using the test for harmless error articulated in *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim. App.1997). In *King,* we held that a substantial right is affected "when the error ha[s] a

the judgment that appellant waived a trial by jury is not sufficient to overcome the utter lack of evidence that the parties adhered to the requirements set forth by the Legislature. This failure to comply constitutes error. Appellant was harmed by the error.[2] As we noted in *King,* 953 S.W.2d at 271 and in *Johnson v. State,* 967 S.W.2d 410 (Tex.Crim.App.1998), a nonconstitutional error will be harmless if we can say with "fair assurance" that the error "did not influence the jury or had but a slight effect." *Johnson,* 967 S.W.2d at 417. The majority opines that this test has no application to non-evidentiary error. Majority Op. at 348. I disagree. Applying the *King* approach to the instant appeal would simply require us to determine what effect failure to follow the procedures mandated by Article 1.13 had on the outcome of this proceeding.

substantial and injurious effect or influence in determining the jury's verdict." *Id.* The S.P.A. argues and the majority agrees that harmless error in this case must be analyzed by looking to the particular right implicated. *See* Majority Op. at 348. The D.A. argues that the *King* approach should be used in all cases analyzing harmless error under Rule 44.2(b) of the Rules of Appellate Procedure. I agree with the D.A. for the reasons I articulated in *Jones v. State:* linking harmless error to the underlying constitutional right means that nonconstitutional error can never be harmful unless there is a constitutional violation. 982 S.W.2d 386, 401 (Tex.Crim.App.1998) (Meyers, J., dissenting). However, for the purposes of the instant appeal, I simply note in passing that declining to decide which rights are affected by the failure to follow Article 1.13 and using a test that goes to whether an error took place but calling it harmless error analysis will not assist the already frustrated courts and litigants of this state in applying Rule 44.2(b) in the future. In this regard, see GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.423f (Supp.2000) at 218 (*"Jones* is of little help in determining as a general matter what Rule 44.2(b) means by substantial right").

Using the *King* approach, I conclude that the failure had an injurious effect on the outcome of the proceeding and it was, therefore, harmful. Article 1.13 interposes two additional parties into the decision to forego a jury trial because it is a decision not made solely by an accused and his attorney. *See Carr,* 847 S.W.2d at 562. In order to properly divest a jury of its authority as the factfinder in a criminal offense, a court must comply with Article 1.13. Appellant was harmed by being tried to a judge who had not followed the statutory procedure for memorializing his authority to sit in the capacity of factfinder. A determination that appellant himself *wanted* a jury trial is not necessary to the conclusion that he was harmed by the failure to be presented with the option. The error in this case was harmful and I would affirm the Court of Appeals.

JOHNSON, J., filed a dissenting opinion, joined by PRICE and HOLCOMB, JJ.

I respectfully dissent. It is agreed by the parties that there is no signed, written waiver by appellant in the record. Nor is there any record of an oral waiver in open court. There is only a brief reference to the waiver of a jury trial in a pre-printed judgment form: "The Defendant having been duly arraigned, waived trial by jury, pleaded [a blank with NOT GUILTY inserted] to the information herein, and submitted to the court."

A knowing waiver is an intentional relinquishment or abandonment of a known right or privilege. *Robles v. State,* 577 S.W.2d 699, 703 (Tex.Crim.App.1979). For a waiver to be valid the record must show that it was voluntarily and knowingly made. *Robles,* 577 S.W.2d at 703. A silent record cannot support a presumption that a defendant affirmatively and knowingly waived the right to a trial by jury. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984); *Guillett v. State,* 677 S.W.2d 46, 49 (Tex.Crim.App.1984). Here, the only mention of the waiver of a jury trial is on the pre-printed judgment form, a document not ordinarily seen by a defendant. The record is otherwise silent regarding appellant's level of knowledge as to his right to trial by jury and any waiver of that right. Even if the record clearly established that appellant knew of his right to trial by jury, knowledge that a right exists in no way supports an automatic finding that a waiver of that right was knowing and voluntary, or even that the right was waived.

While it is true that there is a presumption of regularity in the judgment of a trial court, this presumption can be overcome.[1] *Breazeale,* 683 S.W.2d at 450; *Ex parte Reed,* 610 S.W.2d 495 (Tex.Crim.App. 1981). In the instant case, I believe that this presumption has been overcome by the lack of any reference anywhere in the record to any affirmative, knowing waiver by appellant of a jury trial, written or oral. There is nothing in the record to support a finding that the trial court informed appel-

---

1. It is arguable that the presumption of regularity should not apply here. Tex.R.App. P. 44.2(c) reads:

   *Presumptions.* Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:

   (1) that venue was proved in the trial court;

   (2) that the jury was properly impaneled and sworn;

   (3) that the defendant was arraigned;

   (4) that the defendant pleaded to the indictment or other charging instrument; and

   (5) that the court's charge was certified by the trial court and filed by the clerk before it was read to the jury.

   Waiver of rights is not mentioned in this list.

lant of his right to a trial by jury and that appellant affirmatively and knowingly gave up this right in open court.

The state appears to have misread the opinion of the court of appeals. Contrary to the state's allegations in its first ground for review,[2] the court of appeals applied the correct standard for harm analysis of a non-constitutional error, citing twice to Tex.R.App. P. 44.2(b), and finding under that section that the error affected the defendant's substantial rights.[3] *Johnson v. State,* 984 S.W.2d 736, 738 (Tex.App.-Waco, 1998, pet. granted). As to the state's second ground for review,[4] the court of appeals noted that the wording of the federal and Texas statutes regarding written waiver of jury trial are "substantially identical," and stated that "we consider the absence of a written jury waiver from the record to be a statutory error." *Johnson,* 984 S.W.2d at 738. It then quoted the federal standard as to waiver of jury trial[5] and cited authority for that standard, including a case from the United States Court of Appeals for the Fifth Circuit. Based on the similarity of wording between the Texas and federal statutes,

the court of appeals applied the federal standard[6] and held that "the record in no way reflects that Johnson personally and expressly waived his right to a jury trial in open court" and that appellant's " 'substantial rights' have been affected." *Id.* The record supports this holding. Accordingly, I would affirm the judgment of the court of appeals.

**2.** "The *Johnson* court's analysis in internally inconsistent: after correctly concluding that there was *nonconstitutional* error, the court adopts a federal test designed to determine if there was *constitutional error* instead of reviewing the case for *nonconstitutional harm* under Tex.R.App.P. 44.2(b)." Emphasis in original.

**3.** The dissent does appear to have, incorrectly, applied the constitutional standard of Tex.R.App. P. 44.2(a), saying that "the complained of error had no effect on the verdict." *Johnson* at 739.

**4.** "The federal test adopted in *Johnson* improperly transforms appellant's complaint about the failure to comply with the statutory requirement of executing a written jury waiver into an altogether different issue—*i.e.,* whether appellant waived a jury."

**5.** "A defendant may not effectively waive his right to a jury trial without meeting Rule 23's 'in writing' requirement. The only exception is where the record clearly reflects that the defendant 'personally gave express consent in open court, intelligently and knowingly.' *United States v. Saadya,* 750 F.2d 1419, 1420 (9th Cir.1985)(quoting *United States v. Reyes,* 603 F.2d 69,71 (9th Cir.1979)); *accord United States v. Lockwood,* 604 F.2d 7, 8 (5th Cir. 1979)." *Johnson* at 738. Under the federal standard, a waiver may be written or oral, but there must be a record of it.

**6.** "Thus, if the record contains no written jury waiver, we will find that the defendant's 'substantial rights' have been affected unless 'the record clearly reflects that the defendant "personally gave express consent in open court, intelligently and knowingly." ' " *Johnson* at 738.