11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Philip Franklin Young, III

Appellant

Vs.       Nos.
11-01-00410-CR, 11-01-00411-CR, 11-01-00412-CR, & 11-01-00413-CR -- Appeals
from Palo Pinto County

 

State of Texas

Appellee

 

Appellant entered an open plea of guilty to four
charges of sexual assault of a child with each charge being  enhanced by two prior felony
convictions.  The trial court assessed
his punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of 45 years for each charge with the sentences
to run concurrently.  Appellant brings
four points of error  on appeal.  We affirm. 


Appellant=s
first point of error addresses a handwritten statement which he prepared.  Prior to his arrest, appellant voluntarily
appeared for questioning at the sheriff=s
office.  He brought a handwritten
statement with him to the sheriff=s
office which purportedly contained his version of the events in question.[1]  An investigator in the district attorney=s office questioned
appellant regarding the events. 
Appellant testified that he gave his handwritten statement to the
investigator but that the investigator ignored it.  Appellant subsequently signed a formal statement which the
investigator prepared as a result of the interview.  The investigator apparently did not retain appellant=s handwritten statement.








Appellant filed a pro se motion to suppress the
formal statement prepared by in investigator.[2]  In his motion, appellant sought to suppress
the statement on numerous grounds pertaining to the voluntariness of the
statement.  However, appellant did not
seek to have the formal statement suppressed based on the loss of appellant=s handwritten
statement.  After a hearing, the trial
court denied the motion.  The State did
not offer the formal statement during the guilt/innocence stage of the
proceedings, and appellant did not object to the admission of the formal
statement during the punishment phase.  

The trial court did not commit reversible error in
connection with appellant=s
handwritten statement.  Assuming that
this statement contained self-serving portions upon which appellant wanted to
rely, the rule in Texas is that self-serving declarations are not admissible in
evidence as proof of the facts asserted. 
Allridge v. State, 762 S.W.2d 146, 152 (Tex.Cr.App.1988).  There are exceptions to this general rule
which permit introduction of such proof under the following instances: (1) when
part of the statement  is previously
offered by the State; (2) when the statement is necessary to explain or
contradict acts or declarations first offered by the State; or (3) when the
accused=s self-serving
declaration was part of the res gestae of the offense or arrest.  Allridge v. State, supra at 152.  The first and second exceptions are not
applicable because no evidence was offered during the guilt/innocence phase
other than appellant=s
judicial confession.  Furthermore, the
statement was not part of the res gestae because it was not spontaneously given
by appellant but, rather, was prepared by him after a period of reflection and
deliberation prior to his arrival at the sheriff=s
office.  See Allridge v. State, supra at
152.   Appellant=s handwritten statement, therefore, would not
have been admissible.  Appellant=s first point of error is
overruled.

In his second point, appellant complains of the
admission during the punishment phase of a letter he wrote his wife.  The letter, written while he was
incarcerated, contained derogatory statements regarding the prosecutor, the
investigator, and the local court system. 
Appellant contends that the letter should have been excluded on the
basis that it was obtained from him in violation of his correspondence
rights.  Appellant did not object to the
admission of the letter on this basis at trial.  Instead, he objected on the basis that the State had not timely
disclosed its intent to offer the letter.[3]   








The Texas Commission on Jail Standards has adopted
an inmate correspondence plan set out in 37 TEX. ADMIN. CODE ' 291.2 (2002).  As per the plan, correspondence to and from
government officials, court officials, the media, and the inmate=s attorney is
privileged.  All other correspondence is
considered nonprivileged and, therefore, may be opened and read by jail
officials.  Accordingly, appellant could
not have had a reasonable expectation of privacy with respect to the contents
of the letter.  Moreover, appellant
filed letters addressed to his attorney with the district clerk=s office wherein he made
similar statements regarding his perception of the fairness of the local court
system.  Appellant=s second point of error is
overruled.  

Appellant attacks his conviction in Cause No.
11-01-00412-CR on the basis that he did not waive his right to confront
witnesses or agree to a stipulation of the evidence.  The record reveals that a written guilty plea memorandum was
prepared for each of the four charges to which appellant pleaded guilty.  Each guilty plea memorandum contained
numerous paragraphs identifying  each
right or protection waived by appellant. 
Each paragraph was followed by a set of lines for the signatures of
appellant and his trial counsel. 
Appellant was required to sign his name on 44 different signature lines
in order to complete the guilty plea memorandum for the four charges.  Appellant failed to sign two of the
signature lines on the guilty plea memorandum prepared for Cause No.
11-01-00412-CR.[4]  One of the signature lines which appellant
missed followed a paragraph which set out the defendant=s waiver of the right of appearance,
confrontation, and cross-examination of witnesses.  This paragraph also stated that the defendant consented to the
stipulation of the evidence.[5]   Thus, it appears that appellant=s failure to sign the
signature blank in question was a clerical error given the number of spaces
which appellant needed to sign and his execution of the same signature blank on
the other guilty plea memorandums.








TEX. CODE CRIM. PRO. ANN. art. 1.15 (Vernon Supp.
2000) provides that evidence may be stipulated if the defendant Aconsents in writing, in
open court, to waive the appearance, confrontation, and cross-examination of
witnesses, and further consents [to a stipulation of the evidence].@  The complete failure to observe the requirements of Article 1.15
is error.  See Whitmire v. State, 33
S.W.3d 330, 335 (Tex.App. B
Eastland 2000, no pet=n).  We do not find a complete failure to observe
the requirement of Article 1.15 in Cause No. 11-01-00412-CR.  The opening paragraph of the guilty plea
memorandum in question recited that appellant waived all rights secured by law
and agreed to a stipulation of the evidence. 
Furthermore, appellant signed below a paragraph entitled AWaiver of Rights@ wherein he waived Aany and all rights secured
the Defendant by law, whether of substance or of procedure, and states that any
error which may have been committed is harmless.@    We, therefore, find that appellant
executed a valid waiver under Article 1.15.

Moreover, even if the requirements of Article 1.15
were not observed, reversible error did not occur.   The error which appellant asserts is subject to harm analysis
under TEX.R.APP.P.  44.2(b) to determine
whether the violation Aaffected
substantial rights.@   Johnson v. State, 72 S.W.3d 346, 348
(Tex.Cr.App.2002).  A substantial right
of appellant was not affected by the alleged error.  The only evidence presented at the hearing on his guilty pleas
was his own judicial confession of the facts alleged in the indictments.  Appellant did not object to the admission of
his judicial confession.  Furthermore,
appellant was not denied the right to confront any witnesses because no
witnesses testified at the guilt/innocence phase.  Accordingly, Point of Error No. 3 is overruled.  

Appellant complains in his fourth point that the
trial court erred in failing to grant appellant=s
pro se motions to terminate his attorney and to obtain a continuance.  This contention is without merit.  The record reveals that the trial court
specifically asked  appellant on the day
of trial if he wanted a hearing on his motion for continuance and his motion to
terminate his attorney.  Appellant
advised the trial court at that time that he no longer wanted to pursue those
matters.  Appellant=s fourth point of error is
overruled.  See TEX.R.APP.P.
33.1(a).  

The judgments of the trial court are affirmed.

 

PER CURIAM

 

July 25,
2002                                                                           

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The appellate record does not disclose the contents of
appellant=s handwritten statement.





     [2]Appellant was represented by counsel at the time the
pro se motion was filed.  





     [3]Appellant does not complain of the lack of disclosure
on appeal.





     [4]Appellant=s
trial counsel signed the two sets of signature lines which appellant failed to
sign.





     [5]The other signature line missed by appellant followed a
paragraph which requested that a presentence investigation report not be
prepared.  The two signature lines which
appellant did not sign were located on the same page.