07-04-0358-CR
07-04-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2005
_____

TELISA MARIE ROBINSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 15,743-B AND 15,744-B; HON. JOHN B. BOARD, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Telisa Marie Robinson, appeals her convictions for aggravated robbery and aggravated assault on a public servant. After pleading guilty before a jury, a trial was held on punishment. The jury assessed punishment at 60 years imprisonment for each offense. The trial court sentenced appellant in accordance with those verdicts. Thereafter, she timely noticed her appeal, and counsel was appointed to represent her. The latter has moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she searched the record and

found no arguable grounds for reversal. Furthermore, she represents that she informed her client of her right to review the record and file a *pro se* brief or response. We also informed appellant that any response she cared to file had to be filed by December 29, 2004. To date, appellant has neither filed a *pro se* response nor moved for an extension of the December 29th deadline.

We now address the validity of the three potentially arguable issues raised by appointed counsel. The first involved the failure to obtain a written waiver of appellant's right to have a jury assess her guilt. The record reflects, however, that appellant was informed of and understood her right to have the jury determine guilt. So, while a written waiver may have been required by statute, its absence was harmless given her awareness and verbal relinquishment of that right. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (holding that the failure to obtain a written waiver was harmless since the judgment reflected that appellant knew he had a right to a jury trial and opted for a bench trial).

The second issue concerned the trial court's error in "allowing the aggravated robbery indictment and the aggravated assault on a public servant indictment to be heard in the same criminal complaint." According to counsel, the State was required to "file a written notice of its intention to join prosecutions of two offenses charged under separate charging instruments." See TEX. PEN. CODE ANN. §3.02 (Vernon 2003). However, her counsel did not object to the absence of written notification. This resulted in waiver of the complaint. *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992) (holding that the requirement for written notice may be waived by inaction).

2

The third potential issue involved the effectiveness of appellant's trial attorney.  In discussing that matter, appellate counsel explained why the issue lacked merit.  We agree with her conclusion, after reviewing the record.

We also conducted our own review of the record pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) and found no arguable issue warranting reversal.

Accordingly, counsel's motion to withdraw is granted, and the judgments of the trial court are affirmed.

Brian Quinn<br>
Justice

Do not publish.