NO. 07-06-0049-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2006

_____

DERRICK COURTNEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409247; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant Derrick Courtney was convicted of possession with intent to deliver a controlled substance and sentenced to fourteen years confinement. By a single issue, appellant contends the trial court committed reversible error when it accepted his plea without obtaining a written jury waiver. We affirm.

Appellant was charged with possession of cocaine with intent to deliver. At a hearing on the plea, the trial court accepted appellant's open plea of guilty and heard evidence on punishment. However, the court did not inquire whether appellant desired to waive his right to a jury trial. The court also failed to obtain a written jury waiver pursuant to article 1.13 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art 1.13(a) (Vernon 2005). Appellant contends this was reversible error. We disagree.

Article 1.13(a) provides that a criminal defendant may waive the right of trial by jury upon entering a plea but requires that the waiver be made "in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* The statute further provides that the trial court's consent and approval must be "entered of record on the minutes of the court," and the consent and approval of the State's attorney must be "in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea." *Id.*

In the instant case, the State concedes that the record does not contain a written jury waiver, and the record reflects there was no discussion at the hearing regarding appellant's right to waive jury trial. Because the mandatory requirements of article 1.13(a) were not observed, we agree with appellant's contention that the trial court erred in accepting his plea. However, since appellant merely alleges that his waiver is not properly reflected in the record, and not that there was no waiver at all, he alleges statutory error, not constitutional error. Johnson v. State, 72 S.W.3d 346, 348 (Tex.Cr.App. 2002). *See also* Ex parte McCain, 67 S.W.3d 204, 209-10 (Tex.Cr.App. 2002) (explaining that a

violation of the mandatory terms of article1.13(a) is not jurisdictional, constitutional, or fundamental). Therefore, we must conduct a 44.2(b) harm analysis and must disregard the error if it did not affect appellant's substantial rights. Tex. R. App. P. 44.2(b).

At the hearing on the plea, the trial court asked appellant whether it was his desire to plead guilty and explained that the court would only hear evidence on punishment. Appellant responded that he understood and plead guilty to the allegation in the indictment. At the hearing, neither appellant nor his counsel objected to the lack of or requested a jury trial. The trial court subsequently rendered judgment titled "Judgment on Open Plea Before the Court/Waiver of Jury Trial" reciting that appellant waived his right to trial by jury. The Court of Criminal Appeals has held that we must presume such a statement is correct in the absence of direct proof of its falsity. *Johnson*, 72 S.W.3d at 349; Jackson v. State, 76 S.W.3d 798, 802 (Tex.App.–Corpus Christi 2002, no pet.). We find no such proof in the record in the present case. Instead, the record reflects appellant was aware of his right to a jury trial and opted to plead guilty and have the court assess punishment. We hold the trial court's failure to obtain a written jury waiver did not affect appellant's substantial rights. Appellant's issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.

3