In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-247 CR


 ______________________


 

JOSHUA BLUE GODWIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 05-12-11023 CR






MEMORANDUM OPINION
 

 After a bench trial, the trial court convicted appellant Joshua Blue Godwin of
possession of a controlled substance and sentenced him to two years of confinement in a state
jail facility. Godwin filed this appeal raising two issues. He asserts the statutory
requirements for waiver of the right to jury trial were not met, and the trial court erred in
admitting hearsay evidence. We affirm the judgment of the trial court.

 Deputy Jack Hunter of the Montgomery County Sheriff's Department testified he was
dispatched to the scene of a theft at a Wal-Mart store. Upon arriving at the scene, Deputy
Hunter learned that a male and a female had left the store in a vehicle, and he received a
description of the vehicle and its license plate number. Deputy Hunter reported the
information to dispatch. While Deputy Hunter stood outside the store, a female later
identified as Carey Cranford approached, and Deputy Hunter learned she had left the store
with Godwin. (1) The authorities located the parked vehicle on Sawdust Road behind a
restaurant, and Godwin was inside the vehicle in the driver's seat.

 After conversing with Cranford, Deputy Hunter determined the vehicle belonged to
her, and he obtained her written consent to search it. The authorities searched the car "for
what Wal-Mart had told [them] . . . was some type of radio or [iPod] that was taken from
[the] store." On the passenger seat of the vehicle, Deputy Hunter found a backpack that
contained "a small clear baggy with a glassy substance in it." The substance tested positive
for methamphetamine. A wallet containing Godwin's identification was in the backpack, as
were tax forms that did not belong to Godwin. Deputy Hunter also found a new iPod, and
Godwin told him he had taken the iPod. According to Deputy Hunter, the backpack was "on
top of the passenger seat within arm's reach." After the substance tested positive for
methamphetamine, Deputy Hunter handcuffed Godwin, finished searching the car, and took
Godwin to the Montgomery County jail. 

 Godwin testified that neither the backpack nor the methamphetamine belonged to him.
According to Godwin, a constable removed Godwin's wallet from his pocket before Deputy
Hunter arrived. Godwin admitted he stole the iPod, that he uses methamphetamine, and that
he intended to sell the iPod to obtain money to buy drugs.

 In his first issue, Godwin contends we must reverse and remand for a new trial
because the record does not contain an oral statement by him in open court or a written
statement indicating that he desired to waive his right to a jury trial. Although the record
does not contain Godwin's oral or written statement indicating a waiver of his right to a jury
trial, the judgment recites that Godwin "waived his right of trial by jury[.]" In addition, the
docket sheet states that Godwin waived his right to trial by jury, and the trial court stated,
"you have, of course, waived the jury" before pronouncing judgment. 

 This case is indistinguishable from Johnson v. State, 72 S.W.3d 346 (Tex. Crim. App.
2002). In Johnson, the trial court's judgment recited that Johnson waived his right to trial
by jury, yet Johnson contended he never waived a jury trial in open court or in writing. Id.
at 347; see Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon 2005) (requiring that a waiver
of the right to jury trial "must be made in person by the defendant in writing in open
court[.]"). The Court of Criminal Appeals began its analysis by noting that because "Johnson
alleges merely that there was no written jury waiver, and does not allege that there was no
jury waiver at all, he alleges statutory error, not constitutional error. We therefore analyze
harm under Appellate Rule 44.2(b)." Johnson, 72 S.W.3d at 348; see Tex. R. App. P.
44.2(b). The Court pointed out that the recitation that Johnson waived his right to jury trial
was binding unless the record directly proved its falsity, and that the use of the term "waive"
in the judgment presumes that Johnson knew of his right and knowingly declined to exercise
it. Johnson, 72 S.W.3d at 349. The Court concluded that because the record contains no
direct proof that the statement in the judgment was false, the violation of article 1.13 did not
harm Johnson because "the record reflects that he was aware of his right to a jury trial and
opted for a bench trial." Id.

 Like the appellant in Johnson, Godwin does not allege that he was unaware of his
right to trial by jury, or that he did not waive that right. Instead, Godwin merely asserts that
because the record does not contain his waiver of his right to jury trial either in writing or in
open court, his conviction must be reversed. As in Johnson, nothing in the record contradicts
the judgment's recitation that Godwin actually waived his right to trial by jury. See id. The
asserted error did not harm Godwin. See id. at 348-49; Tex. R. App. P. 44.2(b). We overrule
issue one.

 In his second issue, Godwin argues the trial court erred by admitting hearsay evidence
from Deputy Hunter about what transpired behind the restaurant before Hunter's arrival. The
State responds that appellant's brief fails to provide appropriate citations to the record, the
citations he provides do not relate to the issues raised, and the State and this Court should not
have to "scour the record and guess at which statements appellant believed were admitted in
error." The State also argues Godwin did not preserve error because he failed to make timely
objections. 

 Godwin references Deputy Hunter's testimony concerning what Wal-Mart employees
told him. Godwin also complains of Deputy Hunter's testimony that Cranford told him
Godwin possessed tax forms belonging to other individuals and was using the forms to
commit identity theft and that the constables told Deputy Hunter that Godwin was behind the
wheel of the vehicle when they arrived. (2) With respect to Deputy Hunter's testimony
regarding the male and female, the record indicates that Deputy Hunter testified regarding
what he was told by Wal-Mart's employees at Wal-Mart. With respect to Deputy Hunter's
testimony that Cranford told him Godwin possessed tax forms that did not belong to him and
was using them to commit identity theft, Deputy Hunter spoke with Cranford after he took
her to the scene behind the restaurant, obtained her written consent to search the vehicle, and
found the tax documents. The testimony does not relate to Godwin's hearsay issue regarding
what transpired with the constables behind the restaurant before Deputy Hunter's arrival. 

 Even if the testimony concerning what the Wal-Mart employees told Hunter related
to Godwin's stated issue, the testimony was admissible because it explained how Godwin
became a suspect in the investigation. (3) See Dinkins v. State, 894 S.W.2d 330, 347-48 (Tex.
Crim. App. 1995). With respect to what Cranford said, Godwin's attorney asked Hunter on
cross-examination if he had taken a statement from Cranford about "everything relevant to
this crime[,]" and the officer responded, "[N]o sir. Not as far as the possession charge, no." 
Godwin's attorney asked Deputy Hunter if he took "any statements at all[,]" and Hunter said
"No." On further redirect examination, the State asked Deputy Hunter if he talked to
Cranford about the tax forms and what she told him. When Godwin's attorney objected on
hearsay grounds, the State argued "the door was opened by defense counsel's extensive
questions about what Ms. Cranford told this officer." The trial court overruled the objection. 
Generally, when evidence is necessary to explain a matter "opened up" by the other party,
a court may decide to admit evidence which would otherwise be inadmissible. See Tex. R.
Evid. 107; see, e.g., Credille v. State, 925 S.W.2d 112, 116-17 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd). The trial court acted within its discretion in admitting the evidence
here. 

 With respect to Deputy Hunter's testimony that Godwin was behind the wheel when
the constables arrived, the record indicates the trial court sustained Godwin's hearsay
objection and Godwin has not identified any error by the trial court in responding to this
objection. The record also reflects that Deputy Hunter had previously offered the same
testimony without any objection from Godwin. Godwin failed to preserve his complaint
regarding that testimony. Tex. R. App. P. 33.1(a). We overrule issue two. 

 The trial court's judgment is affirmed.

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice


Submitted on May 3, 2007

Opinion Delivered August 15, 2007 

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Godwin's counsel objected on hearsay grounds to the testimony regarding what
Deputy Hunter was told about Cranford's role in the incident, and the trial court overruled
the objection and refused counsel's request for a running hearsay objection. 
2. In Godwin's discussion of his hearsay issue, he refers to Deputy Hunter's testimony
regarding Godwin's admissions after the authorities detained him. The record reflects that
Godwin's counsel's stated objection concerned whether the State had laid the proper
predicate and whether Godwin made the statements during custodial interrogation. He does
not make that challenge on appeal. Admissions are not hearsay, and Godwin did not lodge
a hearsay objection at trial. See Tex. R. Evid. 801(e)(2); Bell v. State, 938 S.W.2d 35, 54
(Tex. Crim. App. 1996) (The grounds of objection raised on appeal must comport with the
objections made before the trial court.); Tex. R. App. P. 33.1(a). 
3. Godwin also objected at trial to lack of ability to confront the witness. See Crawford
v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Godwin's issue
does not assert that the trial court erred by overruling his Crawford objection.