*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-07-00825-CR

Stephanie **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 00-08-00096-CRK
Honorable Donna Rayes, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    April 29, 2009

AFFIRMED

Stephanie Gonzales appeals the judgment adjudicating her guilty of aggravated assault with a deadly weapon and sentencing her to fifteen years in prison, complaining she did not waive her right to a jury trial in the original plea proceeding. We affirm.

Gonzales was indicted for aggravated assault with a deadly weapon in August 2000. The clerk's record contains plea documents signed June 19, 2001, including a plea bargain agreement, a waiver and consent to stipulations, plea admonishments, and a waiver of Gonzales's right to a trial

by jury, which was joined and approved by her attorney, counsel for the State, and the trial judge. The record also contains a motion dated October 12, 2001, in which Gonzales asserts she previously signed a written waiver of a jury trial and entered a plea of guilty, and requests to withdraw the waiver and the plea. The record does not reflect the motion was heard or ruled upon. On November 27, 2001, the trial court rendered a judgment that recites Gonzales appeared that day, pled guilty, and waived her right to a jury trial. The court deferred adjudication and placed Gonzales on community supervision for a period of ten years. No reporter's record of the November 27, 2001 hearing, or of any prior hearings in the case have been filed. Gonzales did not appeal the trial court's decision.

In 2007, Gonzales pled true to the State's allegations that she violated two of the conditions of her community supervision. The court accepted the plea and, after reviewing the presentence investigation report and conducting a punishment hearing, adjudicated Gonzales guilty and sentenced her to fifteen years incarceration. On appeal, Gonzales contends the November 2001 judgment placing her on deferred adjudication was rendered without a valid waiver of her right to a jury trial, in violation of her rights under Sixth Amendment to the United States Constitution and article I, section 15 of the Texas Constitution.

As a general rule, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). However, there is an exception to the general rule in those "very rare situations" where the alleged error in the original plea hearing would render the original judgment void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). The alleged error must be one that deprived the trial court of power to render the judgment. *Id.* "Moreover, for a judgment to be

void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect." *Id.* at 668-69.

Gonzales contends she was placed on community supervision after she withdrew her June 2001 waiver of a right to a jury trial. The contention is not established by the record. The record before us does not reflect the motion to withdraw her plea and jury waiver was presented, heard, or granted. However, even if we were to accept Gonzales's contention that the trial court allowed her to withdraw the June 2001 waiver, the record reflects she again waived her rights at the subsequent plea hearing. The judgment recites that at the November 27, 2001 hearing, Gonzales was admonished and "requested the consent and approval of the Judge to waive the right of a trial by a jury," which request was given. "We must presume that statement correct in the absence of direct proof of its falsity, and there is no such proof in the record." *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002). Any failure to obtain a second written jury waiver, if error, would have been harmless. *See id.*

Gonzales has failed to allege error that would render the original judgment placing her community supervision void. Accordingly, we affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do not publish