

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00184-CR

**NICHOLAS RYAN KUCERA,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F44117

## MEMORANDUM  OPINION

Nicholas Ryan Kucera appeals from his conviction for the offense of driving while intoxicated, which was enhanced to a third degree felony based on two prior convictions.  TEX. PEN. CODE ANN. § 49.04 (Vernon 2003).  Pursuant to a plea bargain, Kucera was sentenced to imprisonment for ten (10) years in the Texas Department of Criminal Justice – Institutional Division.  The trial court certified that Kucera had the right to appeal based on the terms of the plea bargain.  Kucera complains that the trial court erred in finding Kucera guilty of the offense without a proper written waiver of

jury trial as required by article 1.13 of the Code of Criminal Procedure. Because we find no error, we affirm the judgment of the trial court.

State's exhibit 1 was admitted into evidence without objection. The exhibit had a section on page three that was entitled "Felony Waivers, Confession, and Agreement," which contained the statement that "the Defendant waives the following rights: trial by jury…." Kucera contends that because the paragraph immediately preceding his signature on page four does not encompass or discuss the waivers on the previous pages, there was no written waiver of jury trial. That paragraphs states: "By my signature below I acknowledge that my behavior surrounding drugs or alcohol within the last year prior to the date of the offense with which I am charged directly or indirectly contributed to my involvement with the criminal justice system."

We do not need to determine whether or not the written waiver was sufficient because the record clearly reflects that the error, if any, is harmless. The error Kucera alleges is statutory error, not constitutional error. Because this is not a structural constitutional error, harmless error analysis is the proper standard of review. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Under rule 44.2, if the error "does not affect substantial rights" then it "must be disregarded." TEX. R. APP. P. 44.2(b); *Johnson*, 72 S.W.3d at 348. The lack of a written jury waiver is not harmful when the record reflects that the defendant was aware of his right to a jury trial and waived that right. *Johnson*, 72 S.W.3d at 349. In the absence of direct proof of its falsity, a recitation in the judgment that a defendant "waived trial by jury" is binding. *Id*.

In this case, the record reflects that Kucera was aware of his right to trial by jury and waived that right. At the beginning of the hearing on his guilty plea, Kucera told the trial court that he had signed a waiver of his right to a jury trial, that he understood he had a right to a jury trial, and that he had signed the waiver freely and voluntarily. Furthermore, the judgment recites that Kucera "agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court." Kucera has not presented any evidence asserting that the recitation concerning the jury waiver is actually false. Absent direct proof to the contrary, the recitation in the judgment that Kucera waived his right to a jury trial is binding on this Court. *See id.* Thus, even if article 1.13(a) was violated, Kucera was not harmed by the violation. We overrule Kucera's sole issue.

*Conclusion*

We find that, because Kucera understood that he had the right to a jury trial and that he freely and voluntarily waived that right, any error in the waiver of right to jury trial was harmless. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CR25]