# NO. 12-22-00070-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON GALEN WALLS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aaron Galen Walls, Jr. appeals his conviction for possession of a controlled substance. In one issue, he argues that he is entitled to a new trial because portions of the record are lost. We affirm.

## BACKGROUND

On May 13, 2021, Appellant was indicted for possession of a controlled substance in an amount of less than one gram, a state jail felony, enhanced to a third-degree felony with two previous state jail felony convictions.[1] On December 13, 2021, Appellant appeared before the trial court and entered a plea of "guilty" to the charged offense and "true" to the enhancement allegations. The trial court ordered a pre-sentence investigation report (PSI) and set the matter for a sentencing hearing on January 14, 2022.

Appellant failed to appear for the hearing and a warrant was issued for his arrest. Subsequently, the State withdrew its punishment recommendation of four years imprisonment. Appellant appeared before the court on March 4 for his sentencing hearing. The court

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021); *see also* TEX. PENAL CODE ANN. § 12.425(a) (West 2019) ("If it is shown on the trial of a state jail felony...that the defendant has previously been finally convicted of two state jail felonies...on conviction the defendant shall be punished for a felony of the third-degree.").

admonished Appellant that the State had withdrawn its punishment recommendation, and that Appellant could withdraw his "guilty" plea. Appellant told the trial court he wished to persist with his plea of "guilty" and have the trial court assess punishment. The trial court took judicial notice of the PSI, heard argument of counsel, and sentenced Appellant to ten years imprisonment. This appeal followed.

After the appeal was filed, the parties discovered that three volumes of the record in this case are missing. Specifically, there is not a reliable record of three hearings: (1) a status hearing where the parties announced "ready" and the case was set for trial (volume four); (2) a hearing where Appellant entered his plea of "guilty" to the offense (volume five); and (3) a sentencing hearing for which Appellant failed to appear and a capias was issued (volume six).[2]

## MISSING RECORD

In his sole issue, Appellant argues that missing portions of the record entitle him to a new trial pursuant to Rule 34.6 of the rules of appellate procedure. *See* TEX. R. APP. P. 34.6. The State counters that the missing portions of the record are not necessary to the disposition of the appeal and, therefore, Appellant is not entitled to a new trial.

**Discussion**

The Texas Rules of Appellate procedure provide that an Appellant is entitled to a new trial under the following circumstances

> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

---

[2] The court reporter who was responsible for recording volumes four, five, and six in this case has previously failed to accurately transcribe records in other unrelated cases. This court remanded those cases to the trial court for a hearing to determine whether the records could be recreated. The trial court realized that the reporter had been responsible for preparing volume four in this case and found that the record could not be recreated. Appellant and the State later realized that the same court reporter also prepared volumes five and six in this case as well. The parties agree that volumes four, five, and six are lost and cannot be recreated.

TEX. R. APP. P. 34.6(f)(1-4).  In *Nava v. State*, the Texas Court of Criminal Appeals discussed the third requirement of Rule 34.6(f), which is at issue in the instant case:

> The third requirement—that the missing record be necessary to the appeal—was meant to mitigate against the harshness of a rule that might require a new trial even when no error actually occurred in the proceedings. The provision in the rule that the appellant show that the missing portion of the record is necessary to her appeal is itself a harm analysis.  When an appellant has not been harmed by the missing portion of the record, he should not be granted relief.  (internal quotations omitted).

415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (citing *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003)).

While Appellant notes in his brief that volumes four and six are missing, he confines his argument on appeal to volume five, the hearing at which he entered his "guilty" plea.  Appellant does not specifically state how he is harmed by the missing portion of the record, beyond the following:

> Without an accurate record of what transpired during the guilt/innocence hearing, appellate counsel, nor this Court can determine whether error occurred in the taking of the plea, the verbal admonishments provided, whether sufficient evidence supported the trial court's findings, and whether there are any other errors in the judgments for the case.

The State correctly argues that a claim that "error" might exist is insufficient to show that a missing part of the reporter's record is necessary to the resolution of an appeal.  *See In Interest of J.G.*, 587 S.W.3d 25, 31 (Tex. App.—Tyler 2018, no pet.).  Furthermore, a suggestion by an appellant that the destroyed portion of the reporter's record could potentially assist her on appeal, without more, does not make the missing portions of the record necessary to the appeal's resolution.  *See Routier*, 112 S.W.3d at 571.  As the State correctly argues, Appellant offers only pure speculation regarding any potential points of error that could have been raised about his guilty plea hearing without any showing as to how that volume is necessary for the resolution of this appeal.  However, as required by the rules of appellate procedure, we liberally construe Appellant's argument to be that the record of the proceedings at which he waived his rights and pleaded "guilty" is fundamentally necessary to the resolution of his appeal.  We disagree with this argument.

The code of criminal procedure provides that

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the state shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters the defendant's plea.

TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2021). As the State points out, the written admonishments required by the code of criminal procedure were executed by Appellant on the day of his plea and are contained in the clerk's record for our review. *See id*. art. 26.13 (West Supp. 2021) (listing the admonishments required before trial court can accept a plea of guilty or nolo contendere). Moreover, Article 26.13 provides that the trial court can admonish the defendant orally or in writing, with the exception of the admonition regarding consequences for defendants who are not citizens of the United States, which is required to be pronounced both orally and in writing.[3] *Id.* We have reviewed the clerk's record and it contains written admonishments, signed by Appellant, his attorney, the attorney representing the State, and the trial court, that address the range of punishment, plea bargains, citizenship, sex offender registration, community supervision, and competency, in compliance with Article 26.13. *Id.* Further, the admonishments signed by Appellant and his attorney state that the waivers are "entered into by the Defendant freely, intelligently, knowingly and voluntarily." *See id*. art. 1.14(a) (West 2005). Moreover, Appellant signed a stipulation of evidence wherein he judicially confessed to each and every element of the offense as charged by the indictment. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (stipulation of evidence which embraces

---

[3] Article 26.13 requires that an admonition regarding consequences for non-citizens be made both orally and in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d-1) (West Supp. 2021). We note that the written admonishments contain an admonition regarding the consequences of pleading guilty if the defendant is not a United States citizen. Appellant does not specifically argue on appeal that he was not orally admonished regarding citizenship, nor does he assert that he is not a citizen of the United States. Moreover, Appellant does not argue he was harmed by any lack of oral admonition regarding citizenship, and we note that the lack of admonition regarding citizenship has been subject to a harm analysis. *See Hill v. State*, No. 12-20-00191-CR, 2022 WL 398814, at *6 (Tex. App.—Tyler Feb. 9, 2022, no pet.) (mem. op., not designated for publication) (when record is silent as to whether the appellant is a citizen, the failure to admonish regarding citizenship consequences is not a basis to conclude the error is constitutional in nature or affects substantial rights.). The record in this case is silent as to whether Appellant is a United States citizen.

every constituent element of charged offense sufficient to support guilty plea). In conjunction with the stipulation, Appellant executed waivers of his right to trial by jury and his right to confront and cross examine witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a). All of the aforementioned documents were executed in open court on the day the trial court accepted Appellant's plea of "guilty." Additionally, the trial court's judgment reflects that Appellant waived the right to a trial by jury. *See **Johnson v. State***, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (recitation in judgment that defendant waived trial by jury sufficient to render violation of Article 1.13 harmless, in absence of evidence to contrary).

Finally, we note that Appellant was given the opportunity to withdraw his guilty plea at the February 4, 2022 hearing during which the State withdrew its plea offer. But instead, Appellant told the trial court he wished to persist with his guilty plea and have the court assess his sentence. Thereafter, at his open sentencing hearing, the trial court again asked Appellant if he wished to persist with his guilty plea, to which he responded "yes."

In sum, Appellant's bare assertion that volume five is necessary to the resolution of this appeal is insufficient to warrant a new trial. *See **In Interest of J.G.***, 587 S.W.3d at 31. This is especially true in light of the existing record in the case, which shows full compliance with the necessary admonishments, and contains a signed stipulation of evidence and waiver of the right to a jury trial. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.13(a); 1.14 (a),(b); 26.13(a-d1). For the above reasons, we overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 24, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 24, 2022**

**NO. 12-22-00070-CR**

**AARON GALEN WALLS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0900-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*