**Affirmed and Majority Memorandum Opinion and Concurring Memorandum Opinion filed August 24, 2023.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-21-00551-CR

---

**PATRICK ONIEL HOWARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-DCR-095022**

---

### MEMORANDUM CONCURRING OPINION

I concur in this Court's judgment, but write separately to emphasize that the right to a jury trial is a fundamental right in the United States and Texas Constitutions that is of paramount importance. *See* U.S. Const. art. III, § 2 & amend. VI; Tex. Const. art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12. In Texas, the Legislature has specified how this right may be waived—a defendant may waive their constitutional right to a jury in writing and in open court with the consent and

approval of the court. Tex. Code Crim. Proc. Ann. art. 1.13(a). While precedential authority provides that a statement in the judgment that an appellant has waived his right to a jury trial is binding in the absence of direct proof of its falsity, *see Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Munguia v. State*, 636 S.W.3d 750, 757–59 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd), I disagree that waiver of such a fundamental and important right should be determined so easily and without additional proof.

Here, evidence in the record provided some additional proof of waiver and provided no evidence of any decision by the defendant to the contrary. However, the burden on the State of providing proof that a criminal defendant has voluntarily waived his right to a jury in writing and in open court is not onerous. Alternatively, the consequences of an improperly conducted trial in which the defendant has not ultimately decided on whether he desires a jury or judge to sit in judgment of him are immense and life-altering. In balancing the knowing and intentional waiver of the right to a jury trial with the presumption of regularity and truthfulness of waiver in a judgment of conviction, I believe the knowing and intentional waiver is of more importance. Appellate courts should safeguard these fundamental constitutional rights better by reviewing whether a criminal defendant waived their right to a jury more closely, and appellate courts should require stricter proof of whether a defendant has waived such a right. The State and the prosecution should not be allowed to disregard or ignore the safeguards legally granted to a defendant and then later be exempted from any consequence by relying upon the form wording in the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Spain, Poissant, and Wilson. (Wilson, J., majority).

Do not publish—Tex. R. App. P. 47.2(b).