NO. 07-11-0338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2012
_____

MICHAEL ANTHONY JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 63,023-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Michael Anthony Jimenez, was convicted by the trial court of assault causing bodily injury to a family member, a third degree felony.[1]  The trial court also found that Appellant had previously been convicted of two prior felonies, enhancing the range of punishment to confinement in the Texas

---

[1]Tex. Penal Code Ann. § 22.02(b)(2) (West 2011).  *See also* Tex. Fam. Code Ann. §§ 71.002(b) and 71.005 (West 2008 & Supp. 2011).

Department of Criminal Justice for life, or for any term of not more than ninety-nine years or less than twenty-five years.[2] Punishment was assessed at twenty-five years confinement. The sentence was ordered to run concurrently with two other felony offenses.[3] Presenting two issues, Appellant contends (1) the trial court erred in denying his right to a jury trial and (2) the judgment is erroneous as it reflects he pleaded guilty when, in fact, he pleaded not guilty. We affirm the judgment as modified hereinbelow.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and the victim had a dating relationship. Additionally, the victim lived with Appellant's family to care for his ill mother. As to the offense alleged in cause number 63,023-D, the victim testified that on January 7, 2011, she and Appellant were involved in a physical altercation. He arrived at the family's residence and pushed the door in and began hitting and punching her with a closed fist. She had a previous wound to one of her ears which he reopened during the altercation. Her injuries required her to be transported to the hospital by ambulance.

On June 6, 2011, the trial court called three cause numbers for trial, 62,876-D, 62,969-D, and 63,023-D. Originally, Appellant protested the consolidation of the three cause numbers and requested to proceed only on cause number 63,023-D. The trial court refused the request and after a short recess Appellant's counsel announced

---

[2]See Tex. Penal Code Ann. §12.42(d) (West Supp. 2011).

[3]In cause numbers 62,876-D and 62,969-D, Appellant was also convicted of committing the same offense, against the same family member, on December 25, 2010, and December 10, 2010, respectively. Appellant's concurrent sentences of thirty-five years and twenty-five years respectively are the subject of separate appeals in appellate cause numbers 07-11-0336-CR and 07-11-0337-CR. Those appeals will be addressed by a separate opinion issued this same date.

"ready" to the trial court's call of cause number 63,023-D.  Appellant entered a plea of "not guilty" and, although no written jury waiver appears in the record of this cause,[4] the following colloquy occurred:

> THE COURT:    All right sir.  You have handed me today a waiver of trial by jury in which you've told me that it is your desire not to have a jury determine guilt/innocence or, if you are found guilty, to assess punishment in this case, but you want me to do all that.  Is that your desire, sir?
>
> MR. JIMENEZ:    Yes, Your Honor.

Following the presentation of evidence, the trial court pronounced Appellant guilty as charged in the indictment and assessed his sentence at twenty-five years confinement. This appeal followed.

## DISCUSSION

By his first issue, Appellant maintains the trial court erred in refusing to grant him a jury trial.  Appellant argues the trial court erred in proceeding without a jury because the record does not reflect a written waiver of a jury and the announcements by counsel as to how the case was going to proceed were confusing.  We disagree.

A defendant has an absolute right to a jury trial.[5]  As a matter of federal constitutional law, the State must establish, on the record, a defendant's express,

---

[4]Following the conclusion of proceedings in cause number 63,023-D, the trial court immediately proceeded to a plea of guilty in cause numbers 62,876-D and 62,969-D.  Written waivers of jury appear in both of those cause numbers.

[5]*See* U.S.Const. amend. VI; Tex Const., art. I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12 (West 2005).

knowing, and intelligent waiver of jury trial. *Hobbs v. State*, 298 S.W.3d 193, 198 (Tex.Crim.App. 2009).

Although neither the federal nor Texas Constitutions require that a jury be waived in writing, *Johnson v. State*, 72 S.W.3d 346, 348 (Tex.Crim.App. 2002), article 1.13 of the Texas Code of Criminal Procedure provides that waiver of a jury "must be made in person by the defendant in writing in open court . . . ." Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005).

Here, the record at least facially demonstrates that a written waiver of a jury exists because the trial court used one to question Appellant about his right to a jury trial. The record also reflects a clear and unequivocal waiver of that right. While the possibility exists that the trial court was confusing Appellant's written waiver in cause numbers 62,876-D and 62,969-D for a written waiver in this cause, even assuming, *arguendo*, that the failure to execute and file a written waiver in cause number 63,023-D was error, it was statutory, not constitutional error, and we review the alleged error for harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Johnson*, 72 S.W.3d at 348. Under that standard, if the error does not affect Appellant's substantial rights, then it must be disregarded.

Considering the record as a whole, it is clear that Appellant expressly waived his right to a jury trial in cause number 63,023-D. Moreover, the judgment recites "JUDGMENT OF CONVICTION BY COURT--WAIVER OF JURY TRIAL." That recitation is binding in the absence of direct proof of its falsity. *Id.* at 349. Because

4

there is nothing in the record indicating that recitation to be false and there is nothing to suggest Appellant's substantial rights were affected, issue one is overruled.

## REFORMATION OF JUDGMENT

By his second issue, Appellant maintains the judgment incorrectly reflects a plea of guilty. The State concurs, as do we. This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex.App.--Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

Here, the summary portion of the judgment reflects that Appellant entered a plea of guilty to the charged offense while the reporter's record clearly shows that he entered a plea of not guilty. Accordingly, we sustain issue two and we modify the trial court's judgment to reflect a plea of "Not Guilty."

We further note that the judgment also reflects the trial court's finding as to the second enhancement to be "N/A." Because the reporter's record also reflects the court found two enhancements to be true, the trial court's judgment is reformed to reflect a finding of "True" as to the second enhancement.

5

**CONCLUSION**

As modified hereinabove, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.