**Affirmed and Opinion Filed June 17, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01283-CR**

**DARIAN EUGENE ROUNDTREE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 073016**

# MEMORANDUM OPINION

Before Justices Nowell, Kennedy and Miskel
Opinion by Justice Emily Miskel

Appellant Darian Eugene Roundtree was convicted of family violence assault causing bodily injury, with a previous conviction. He was sentenced to fifty years of imprisonment after a multi-day bench trial. Roundtree argues that he did not waive his Sixth Amendment right and is entitled to a second trial, this time before a jury. We overrule Roundtree's issue and affirm the judgment.

## I. Background

Roundtree, a repeat convicted violent offender, was indicted and arrested for assault causing bodily injury against a girlfriend. The trial court appointed him a

criminal defense lawyer. Roundtree wrote, personally signed, and filed three separate motions requesting a bench trial:

> 1. a "Motion for Speedy Trial by an Impartial Judge" wherein Roundtree struck through the option for a jury trial;

> 2. a "Motion for Bench Trial Setting" expressly waiving Roundtree's right to a jury and requesting a bench trial date (Roundtree writing "I, the defendant, Darian Roundtree waive my right to a jury and request a bench trial date to be set again for the third (3rd ) time."; and

> 3. a "Motion to Announce Ready for Bench Trial".

Before the start of the bench trial, Roundtree and his court-appointed defense counsel conferred. They mutually determined that Roundtree should represent himself *pro se* at trial. He did. The record reflects that Roundtree refused to sign his name on the jury trial waiver form the State presented. After the multi-day bench trial, Roundtree was convicted and sentenced to fifty years of imprisonment.

On appeal, Roundtree argues that the trial court committed a Sixth Amendment Constitutional error and violated his substantial rights under TEX. CODE CRIM. PROC. Article 1.13(a) by failing to conduct a jury trial because the trial court "did not obtain a written or oral waiver of jury trial." We overrule Roundtree's issue because the record shows that he voluntarily, knowingly, and intelligently waived his Sixth Amendment right to a jury trial and, thus, his refusal to sign a statutorily required written jury waiver constitutes only harmless error. We affirm the trial court's final judgment of conviction.

## II.     Preservation of Error

A criminal defendant's rights usually fall into three categories: (1) systemic or absolute requirements, (2) waivable-only rights, (3) and forfeitable rights. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).  The Court of Criminal Appeals has held that Rule 33.1's preservation requirements do not apply to complaints about systemic requirements or waivable-only rights. *Id.*; *See* TEX. R. APP. P. 33.1.  These claims can be raised for the first time on appeal.  *Mendez*, 138 S.W.3d at 342.  The right to a jury trial is a waivable-only right.  *Rios v. State*, 665 S.W.3d 467, 477 (Tex. Crim. App. 2022).  An appellant can argue for the first time on direct appeal that he was denied his federal constitutional right to a jury trial and that the procedures required by Article 1.13(a) for waiving a jury were violated, notwithstanding his failure to object at trial.  *Id.*

Accordingly, Roundtree can raise his federal constitutional and Texas statutory jury trial complaints without having satisfied the preservation of error requirements under TEX. R. APP. P. 33.1.

We commence our analysis of Roundtree's appeal by determining whether his federal constitutional right to a jury was violated.  If we conclude that there was no constitutional violation, we then proceed to determine Roundtree's Article 1.13(a) argument regarding the absence of a signed jury waiver.  *See, e.g. Hernandez*, 683 S.W.3d at 592  ("Because we find constitutional error, we need not consider whether the failure to comply with Article 1.13 of the Texas Code of Criminal Procedure

requirements, a statutory error, constituted harm requiring reversal. TEX. R. APP. P. 47.1.").

## III. Waiver of Sixth Amendment Right to Jury Trial

Roundtree asserts that he neither knowingly nor voluntarily waived his right to a jury trial. Thus, he contends that his federal constitutional rights were violated. The State responds that the record establishes Roundtree waived his right to a jury trial despite the absence of a signed jury waiver as required by Article 1.13 of the Code of Criminal Procedure.

## A. Standard of Review and Applicable Law

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury. . . ." U.S. CONST. amend. VI; *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968) (applying the Sixth Amendment jury trial guarantee to the states). A criminal defendant has the right to waive his Sixth Amendment right to a jury trial. *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942); *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009); CRIM. art. 1.13. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970) (footnote omitted); *see Godinez v. Moran*, 509 U.S. 389, 400-01 (1993).

–4–

"[T]he burden is on the State on direct appeal to develop a record showing an express, knowing, and intelligent waiver of a defendant's right to a jury." *Rios*, 665 S.W.3d at 485. Whether there is an intelligent, competent, self-protecting waiver of jury trial by an accused depends on the particular record presented on appeal. *Id.* at 479. In reviewing the sufficiency of the evidentiary record, "[c]ourts have considered a number of factors as applicable to the facts of the case when determining whether a jury trial waiver was knowing and intelligent." *Id.* On appeal, we affirm a determination of jury trial waiver where "the record shows that the defendant at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury" so as to establish that the defendant's waiver was knowing, and intelligent. *Id.* at 482.

In *Rios*, Court of Criminal Appeals identified several factors that may be considered in reviewing the record for sufficient evidence of a jury trial waiver:

> including whether the defendant knew about his right to a jury and the nature of the right, the defendant's education and background and legal sophistication, the level of the defendant's involvement in his defense, his ability to understand courtroom discussion regarding waiver of a jury, the words and actions of the defendant, what language the defendant understands and the presence of an interpreter if not English, and the lack of an objection before or shortly after the bench trial began.

*Id.* at 479–82. Considering these factors applied against the record in that case, the *Rios* Court held that the defendant—a foreign national and Spanish-only speaker—had not waived his right to a jury trial. *Id.* at 485 ("Given that the burden of proof is on the State and the sparse record in this case, we are forced to conclude that the

evidence is insufficient to show that Appellant [Rios] expressly, knowingly, and intelligently waived his right to a trial by jury.").

Harm is presumed on appeal where the appellant successfully asserts structural error based on violation of his Sixth Amendment right. *Id.* at 485-86; *Hernandez v. State*, 683 S.W.3d 586, 592 (Tex. App.—Dallas 2024, no pet.) ("A violation of the federal constitutional right to a jury trial is structural error. This structural error defies harm analysis because the error affects the framework of the trial.").

**B.  Roundtree Waived his Sixth Amendment Right to a Jury Trial**

In sharp contrast to the record in *Rios*, where the Court of Criminal Appeals held that the defendant had not waived his right to a jury trial, here Roundtree makes:

- no claim that he told his trial counsel that he wanted a jury trial;

- no claim that he does not read, write, and speak English as his primary language;

- no claim that he needed an interpreter or special assistance to understand the proceedings and make reasoned decisions;

- no claim that he was unaware of his right to a jury trial;

- no claim that his trial counsel failed to provide legal advice on his right to a jury trial;

- no claim that he did not know he was appearing for a bench trial;

- no claim that the trial judge announced a personal, negative reaction to trying Roundtree's case because of its disturbing subject matter;

- no claim that Roundtree was unaware before, during, or after the trial that it was a trial to the court instead of a jury trial;

- no claim that Roundtree did not personally prepare, sign and file his various motions (*e.g.* for a speedy trial to the court and to announce ready for bench trial);

- no claim that Roundtree told his counsel that he wanted a jury trial but was unable to pay the extra fee for his counsel to conduct a jury trial (Roundtree's counsel was court-appointed and Roundtree personally dismissed him at the start of the bench trial Roundtree then handled himself); and

- no claim that Roundtree was deprived of legal advice as to his right to a jury trial and the pros and cons of waiving that right.

Applying the *Rios* considerations to the facts of the present case, the totality of the record establishes that Roundtree made a voluntary, knowing, and intelligent waiver of his Sixth Amendment right. Roundtree speaks, reads, and writes in English. He completed high school as well as some college coursework. Roundtree was thoroughly involved in his defense and personally handwrote, signed, and filed numerous motions. On no less than three separate occasions, Roundtree personally filed motions seeking a bench trial and, in one motion, explicitly struck out the "jury" option. In another motion, Roundtree wrote "I, the defendant, Darian Roundtree waive my right to a jury and request a bench trial date to be set again for the third (3rd) time." Roundtree's last installment in the series was his "Motion to Announce Ready for Bench Trial."

The court-appointed attorney originally assigned to Roundtree's case appeared and announced ready for the bench trial. This occurred before Roundtree released this attorney so that Roundtree could represent himself *pro se* at the bench trial. At no time before, during, or even after the conclusion of the bench trial did

Roundtree make any demand for a jury trial. Nor did Roundtree ever raise any question or objection to the trial court proceeding without a jury.

Further, Roundtree has experience waiving his right to a jury trial in several prior criminal convictions. Roundtree pleaded guilty to an assault charge in 2015 where he "agreed in open court and in writing to waive a jury" as reflected in the judgment of conviction. Four years before that, in 2011, Roundtree pleaded guilty to a drug charge and a felony evading charge, again waiving a jury trial as shown in that judgment. Similarly, in 2000, Roundtree pleaded guilty to a drug charge and a burglary charge—again waiving a jury as stated in the judgment of conviction.

Finally, Roundtree has pointed to nothing in the record—other than his refusal to sign the State's waiver form—to show he was unlawfully deprived of his Sixth Amendment right or to even contradict the State's supporting evidence.

Roundtree repeatedly requested a bench trial in his own written submissions to the trial court and, after conferring with his court-appointed lawyer, discharged that lawyer to handle the bench trial entirely *pro se*. Roundtree's right to elect his preferred form of trial was respected. He repeatedly chose a bench trial and never changed course in the proceedings below. On this record, there was no denial of Roundtree's Sixth Amendment right. Roundtree voluntarily, knowingly, and intelligently waived his Sixth Amendment right with sufficient awareness of the relevant circumstances and likely consequences.

We overrule Roundtree's Sixth Amendment challenge because the State has satisfied its evidentiary burden to establish waiver. *Brady*, 397 U.S. at 747; *Rios*, 665 S.W.3d at 479.

## IV.    Statutory Jury Waiver

Having found no constitutional violation, we turn to Roundtree's argument that the absence of a signed jury waiver compliant with Article 1.13(a) amounts to harmful, reversible error. *See Hernandez*, 683 S.W.3d at 592; TEX. CODE CRIM. PROC. Art. 1.13(a).

## A.    Standard of Review and Applicable Law

By Texas statute, a criminal defendant (other than in a capital felony death penalty case) is permitted to waive his right to a jury trial by signed waiver made in open court. Article 1.13(a) of the Code of Criminal Procedure states:

> The defendant . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

TEX. CODE CRIM. PROC. art. 1.13(a).

The Court of Criminal Appeals has held that the absence of a signed, written jury waiver form constitutes statutory, but not constitutional, error. *See Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Any non-constitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b) ("Other Errors. Any other error, defect, irregularity, or variance that does not affect

–9–

substantial rights must be disregarded."). Thus, harmless error analysis governs the standard of review on this complaint. *Johnson*, 72 S.W.3d at 348. (citing TEX. R. APP. P. 44.2(b)). Appellant Roundtree's statutory Article 1.13(a) challenge requires him to show harmful error warranting reversal and remand for a new trial.

## B.     Roundtree Has Not Shown Harmful Error

The record reflects that Roundtree refused to sign the State's statutory jury trial waiver form before commencement of the bench trial. Thus, no statutory written waiver appears in the record. While Roundtree is relieved of the typical preservation requirements because a statutory jury waiver challenge is waivable-only error, he is still required to demonstrate harmful error warranting reversal and remand for a new trial. *See Johnson*, 72 S.W.3d at 348; *Hernandez*, 683 S.W.3d at 592; TEX. R. APP. P. 44.2(b).

Roundtree argues that the absence of a signed jury trial waiver under Article 1.13(a) automatically renders his bench trial and conviction a nullity. However, the Court of Criminal Appeals has held that no harm accrues from the absence of a signed jury waiver form where the record establishes that the defendant was aware of his right to a jury trial and opted for a bench trial. *Johnson*, 72 S.W.3d at 349.

As detailed above, the record establishes that Roundtree was aware of his right to a jury trial, had the opportunity to assert that right, but personally and repeatedly waived that right by expressly requesting a bench trial. There can be no harmful error because the totality of the record establishes that an educated, English

proficient, previously convicted, experienced, and active criminal defense litigant purposefully—and perhaps tactically—elected to forego a jury trial. Under this record establishing Sixth Amendment waiver, there can be no harmful error resulting from Roundtree's refusal to sign the Article 1.13(a) jury trial waiver form.

## V.     Conclusion

The record establishes that Roundtree voluntarily, knowingly, and intelligently waived his Sixth Amendment right to a jury trial. Thus, we overrule Roundtree's federal constitutional jury trial challenge. In light of Roundtree's Sixth Amendment waiver, his complaint about the absence of a signed, statutory jury waiver form is harmless error. We overrule all of Roundtree's challenges and affirm the trial court's judgment.

/Emily Miskel/
EMILY MISKEL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

221283F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DARIAN EUGENE ROUNDTREE,
Appellant

No. 05-22-01283-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 073016.
Opinion delivered by Justice Miskel.
Justices Nowell and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 17th day of June 2024.